United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 97-1820SD
_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellant, | * |
| | * On Appeal from the United |
| v. | * States District Court |
| | * for the District of |
| | * South Dakota. |
| Leo LeCompte, | * |
| | * |
| Appellee. | * |

_____

Submitted: October 21, 1997

Filed: December 22, 1997

_____

Before RICHARD S. ARNOLD, Chief Judge, LOKEN and HANSEN, Circuit Judges.

_____

RICHARD S. ARNOLD, Chief Judge.

Before the trial of Leo LeCompte for the alleged sexual abuse of his wife's 11-year old niece, "C.D.," under 18 U.S.C. §§ 2244(a)(1) and 2246(3) (1994), the defendant moved in limine to exclude evidence of prior uncharged sex offenses against another niece by marriage, "T.T." The government argued that the evidence was admissible under Federal Rule of Evidence 414 (Evidence of Similar Crimes in Child Molestation Cases). The District Court excluded the evidence under Rule 403. The government appeals this evidentiary ruling. Such pretrial appeals are authorized by 18

U.S.C. § 3731 (1994). We reverse and hold that the motion in limine should not have been granted. We do so in order to give effect to the decision of Congress, expressed in recently enacted Rule 414, to loosen to a substantial degree the restrictions of prior law on the admissibility of such evidence.

I.

LeCompte is charged with child sex offenses allegedly committed in January 1995. According to the victim C.D., prior to January 1995, LeCompte had played games with her at her aunt's trailer and had exposed himself to her on at least one occasion. The actual incidents of molestation allegedly occurred while she was lying on a couch at her aunt's, with her siblings sleeping on the floor next to her. LeCompte allegedly joined her on the couch, forced her to touch his penis, and touched her breasts.

The government offered evidence of sex offenses committed by LeCompte against a niece of his first wife during that marriage, between 1985 and 1987. This niece, T.T., would testify that LeCompte had played games with her at her aunt's house, had exposed himself to her, had forced her to touch his penis, and had touched her private parts.

The admissibility of T.T.'s testimony has been considered by this Court once before. In LeCompte's first trial, the government offered the evidence under Rule 404(b). It was not then able to offer the evidence under Rule 414 because of its failure to provide timely notice of the offer, as required by Rule 414. The District Court admitted the evidence, and the jury convicted LeCompte. On appeal, this Court held that the District Court's admission of the evidence under Rule 404(b) was improper, and reversed LeCompte's conviction. United States v. LeCompte, 99 F.3d 274 (8th Cir. 1996). We now consider the admissibility of T.T.'s testimony in LeCompte's

retrial, under Rule 414, the government having given timely notice the second time around.

## II.

On remand, LeCompte moved <u>in limine</u> to exclude the evidence. The District Court ruled that T.T.'s testimony was potentially admissible under Rule 414, but excluded by Rule 403. It noted that although the evidence's only relevance was as to LeCompte's propensity to commit child sexual abuse, Rule 414 expressly allowed its use on that basis. The Court then turned to a Rule 403 analysis of the evidence. As to the evidence's probative value, the Court recognized the similarities between C.D.'s and T.T.'s accounts: they were both young nieces of LeCompte at the time he molested them, he forced them both to touch him, he touched them both in similar places, and he exposed himself to both of them. The Court found that the evidence's probative value was limited, however, by several differences. First, the acts allegedly committed against C.D. occurred with her siblings present, while the acts against T.T. occurred in isolation. Second, LeCompte had not played games with C.D. immediately before molesting her, as he had with T.T. Finally, the acts against C.D. and T.T. were separated by a period of eight years. The District Court concluded that the probative value of T.T.'s testimony was limited.

On the other hand, it found that the risk of unfair prejudice was high, reasoning that "T.T.'s testimony is obviously highly prejudicial evidence against defendant. . . . 'child sexual abuse deservedly carries a unique stigma in our society; such highly prejudicial evidence should therefore carry a very high degree of probative value if it is to be admitted.' " District Court Order at 4 (citation omitted). The Court therefore excluded the evidence under Rule 403.

## III.

We first note that no procedural bars prevent the government from offering the evidence under Rule 414 at this time. First, as the District Court reasoned, the law of the case doctrine is inapplicable; this Court's holding that the evidence was inadmissible under Rule 404 at the first trial does not foreclose consideration of admissibility under a different rule of evidence on retrial. Second, LeCompte's retrial will fall after Rule 414's effective date, July 9, 1995. The Rule applies in all trials held after this original effective date. Act of September 30, 1996, Pub. L. No. 104-208, § 120, 110 Stat. 3009-25.

Rule 414 provides in relevant part:

> (a) In a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant.

Rule 414 and its companion rules -- Rule 413 (Evidence of Similar Crimes in Sexual Assault Cases), and Rule 415 (Evidence of Similar Acts in Civil Cases Concerning Sexual Assault or Molestation) -- are "general rules of admissibility in sexual assault and child molestation cases for evidence that the defendant has committed offenses of the same type on other occasions. . . . The new rules will supersede in sex offense cases the restrictive aspects of Federal Rule of Evidence 404(b)." 140 Cong. Rec. H8992 (daily ed. Aug. 21, 1994) (statement of Rep. Molinari).

Evidence offered under Rule 414 is still subject to the requirements of Rule 403. Id. This Court has recognized that evidence otherwise admissible under Rule 414 may be excluded under Rule 403's balancing test. United States v. Sumner, 119 F.3d 658, 661 (8th Cir. 1997). See also United States v. Meacham, 115 F.3d 1488, 1492 (10th

Cir. 1997); United States v. Larson, 112 F.3d 600, 604-05 (2d Cir. 1997). However, Rule 403 must be applied to allow Rule 414 its intended effect.

We review the District Court's application of Rule 403 for abuse of discretion. United States v. Johnson, 56 F.3d 947, 952 (8th Cir. 1995). In light of the strong legislative judgment that evidence of prior sexual offenses should ordinarily be admissible, we think the District Court erred in its assessment that the probative value of T.T.'s testimony was substantially outweighed by the danger of unfair prejudice. The sexual offenses committed against T.T. were substantially similar to those allegedly committed against C.D. By comparison, the differences were small. In particular, the District Court itself acknowledged that the time lapse between incidents "may not be as significant as it appears at first glance, because defendant was imprisoned for a portion of the time between 1987 and 1995, which deprived defendant of the opportunity to abuse any children." District Court Order at 4.

Moreover, the danger of unfair prejudice noted by the District Court was that presented by the "unique stigma" of child sexual abuse, on account of which LeCompte might be convicted not for the charged offense, but for his sexual abuse of T.T. This danger is one that all propensity evidence in such trials presents. It is for this reason that the evidence was previously excluded, and it is precisely such holdings that Congress intended to overrule. Compare United States v. Fawbush, 900 F.2d 150 (8th Cir. 1990) (prior acts of child sexual abuse inadmissible to show propensity under Rule 404(b)). On balance, then, we hold that the motion in limine should not have been granted.

The order of the District Court is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.