# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2944

_____

United States of America,         *
                                  *

        Appellee,           *

                                  *   Appeal from the United States

      v.                   *   District Court for the District

                                  *   of South Dakota.

Willard Fool Bull,         *

                                  *       [UNPUBLISHED]

        Appellant.        *

_____

Submitted:  January 29, 2002

Filed:  January 30, 2002

_____

Before HANSEN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

After a jury found Willard Fool Bull guilty of three counts of aggravated sexual abuse of a child in Indian country, in violation of 18 U.S.C. §§ 1153 and 2241(c), the district court[1] sentenced him to concurrent prison terms of 328 months and supervised-release terms of 5 years.  On appeal, Mr. Fool Bull argues that the court erred by allowing five witnesses to testify under Federal Rule of Evidence 413, because the alleged uncharged acts discussed were unlike the instant charges and occurred many years ago; the testimony was prejudicial and confusing; and alternative evidence was available, i.e., the victim's testimony.  Second, he raises a

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

sufficiency-of-the-evidence challenge, asserting that the victim lacked credibility, that she refused to respond to many questions, that the government witnesses' statements were uncorroborated, and that the government offered no physical evidence. We affirm.

"In a criminal case in which the defendant is accused of an offense of sexual assault, evidence of the defendant's commission of another offense or offenses of sexual assault is admissible, and may be considered for its bearing on any matter to which it is relevant." Fed. R. Evid. 413(a). "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Rule 413 reflects Congress's decision to relax the standard of admissibility for propensity evidence in sex offense cases, but the evidence remains subject to the requirements of Rule 403. See United States v. Mound, 149 F.3d 799, 802-03 (8th Cir. 1998), cert. denied, 525 U.S. 1089 (1999).

The district court did not abuse its discretion in its application of the Rule 403 balancing test, as the evidence was not unfairly prejudicial. See United States v. LeCompte, 131 F.3d 767, 769 (8th Cir. 1997) (standard of review). Mr. Fool Bull does not dispute that the Rule 413 testimony, if true, was relevant, and it was probative as it tended to prove his propensity to commit the charged crimes. Many similarities exist between the events described by the Rule 413 witnesses and the crimes charged against Mr. Fool Bull. Cf. id. (Fed. R. Evid. 414 evidence (evidence of similar crimes in child-molestation cases) should not have been excluded because uncharged sexual offenses committed against defendant's niece were "substantially similar" to those he was charged with committing against another niece). Further, we have previously rejected the argument that even a twenty-year passage of time precludes the admission of prior sexual-abuse incidents under Rule 413 or 414. See United States v. Gabe, 237 F.3d 954, 959-60 (8th Cir. 2001).

In arguing that alternative evidence was available, Mr. Fool Bull relies on <u>Old Chief v. United States</u>, 519 U.S. 172, 182-83 (1997) ("If an alternative were found to have substantially the same or greater probative value but a lower danger of unfair prejudice, sound judicial discretion would discount the value of the item first offered and exclude it if its discounted probative value were substantially outweighed by unfairly prejudicial risk."). His reliance is misplaced, however. <u>See</u> <u>United States v. Hill</u>, 249 F.3d 707, 712 (8th Cir. 2001) (absent stipulation going to fact of felon status, rationale for limited rule of <u>Old Chief</u> disappears, as defendant's stipulation cannot give government everything evidence could show). Further, the victim's testimony was no substitute for the Rule 413 witnesses' propensity evidence. <u>See id.</u> (unlike abstract status as felon, conventional evidence tells colorful story with descriptive richness).

Viewed in the light most favorable to the verdict, the evidence was sufficient, and Mr. Fool Bull's sufficiency challenge fails because he is asking us to weigh evidence and assess witness credibility. <u>See</u> <u>United States v. Kirkie</u>, 261 F.3d 761, 768 (8th Cir. 2001) (evidence in sexual-abuse prosecution was for jury, notwithstanding discrepancies in victim's testimony); <u>United States v. Stroh</u>, 176 F.3d 439, 440 (8th Cir. 1999) (this court reviews sufficiency of evidence in light most favorable to verdict and may neither weigh evidence nor assess witness credibility). Even if the victim had been the sole witness, it would have been proper for the jury to credit her testimony and to convict Mr. Fool Bull. <u>See</u> <u>Gabe</u>, 237 F.3d at 961 (victim's testimony alone is sufficient to persuade reasonable jury of defendant's guilt).

Accordingly, we affirm.

A true copy.

      Attest:

           CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.