# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 05-4464

_____

United States of America,               \*

                                     \*

        Plaintiff - Appellee,     \*

                                     \*   Appeal from the United States

     v.                             \*   District Court for the District

                                     \*   of Minnesota.

Morris Edward Benais, also known as,  \*

"Sonny,"                              \*

                                     \*

        Defendant - Appellant.    \*

_____

Submitted: June 13, 2006
Filed: August 25, 2006

_____

Before MURPHY, MELLOY, and COLLOTON, Circuit Judges.

_____

MELLOY, Circuit Judge.

Morris Edward Benais appeals his conviction and sentence for sexual abuse of a minor. We affirm the judgment of the district court.[1]

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

## I.     Background

We present the evidence in a light most favorable to the verdict.  On May 17, 2002, Benais was at a party at a home on the Red Lake Indian Reservation in Northern Minnesota.  He had a fight with his girlfriend and left the party with three fourteen-year-old girls in his car.  He drove the girls around for a short time before stopping his car, giving alcohol to two of the girls, and asking the two girls with alcohol to walk away from his car.  Benais then had sexual intercourse in the car with the remaining girl (the first victim).  He then dropped off the first victim and one of the girls who had been drinking outside the car.  The other girl who had been drinking (the second victim) passed out in the front seat of his car.  When she awoke, her underpants had been removed, she was under Benais, and he was sexually penetrating her.  She tried unsuccessfully to push him away.  Benais then drove this second victim to the home of one of his friends.  There, the second victim passed out a second time and again awoke to find herself being raped by Benais.  Again, she tried unsuccessfully to push him away.  He then told her that what had happened was her fault.  He drove her to a location near her foster mother's home and instructed her not to tell anyone what had happened.

When the second victim arrived at her foster mother's home, she was arrested by police with the Red Lake Police Department.  While she was out, her foster mother had called the police and reported her missing.  The foster mother had given permission for the second victim to be at the party, and, apparently, the second victim's failure to stay at the party and failure to return to her foster mother's home were viewed by the police as grounds for arrest as a runaway.  She spent the next three days in jail and returned to her foster mother's home.  At home, she took a shower, changed clothes, and told her foster mother about the rapes.  The foster mother took her to a hospital for examination and preserved the underwear that the second victim had been wearing on the night of the offense.  It contained semen from Benais.

On February 8, 2005, a grand jury indicted Benais with two counts of aggravated sexual abuse under 18 U.S.C. §§ 2241(b)(1) ("knowingly . . . render[ing] another person unconscious and thereby engag[ing] in a sexual act with that other person") and 2241(b)(2) ("knowingly . . . administer[ing] to another person by force or threat of force, or without the knowledge or permission of that person, . . . [an] intoxicant . . . and thereby . . . substantially impair[ing] the ability of that other person to appraise or control conduct; and . . . engag[ing] in a sexual act with that other person") and one count of sexual abuse of a minor under 18 U.S.C. § 2243(a)(1) ("knowingly engag[ing] in a sexual act with another person who . . . has attained the age of 12 years but has not attained the age of 16 years; and . . . is at least four years younger than the person so engaging"). All the counts related to Benais's crimes against the second victim.

On February 23, 2005, the government disclosed to Benais all the reports and witness statements that it possessed regarding the sexual assaults of the two girls. This information included a statement from the first victim regarding the night of the offense and a statement from Benais's sister regarding the fact that Benais fathered a child with his girlfriend when the girlfriend was a minor. Prior to trial in May 2005, Benais moved for exclusion of the first victim's testimony based on the fifteen-day notice requirement contained in Fed. R. Evid. 413(b) (permitting the admission of evidence of prior sexual assaults without reference to the test of Rule 404(b) if the government discloses the evidence at least fifteen days prior to trial). Benais argued that it was not sufficient for the government to disclose the potential witness's statement, but rather, the government was required under the rule to provide specific notice of its intent to offer the evidence under Rule 413. The district court ultimately determined that the first victim's statement was permissible under Rule 404(b). Benais also challenged the use of the testimony regarding the fact that he had fathered children with his girlfriend while she was a minor. The district court admitted the testimony regarding the girlfriend as bias evidence and as evidence under Rule 404(b).

The government dismissed the count for aggravated sexual abuse under § 2241(b)(2) prior to trial. The jury failed to reach a verdict on the count for aggravated sexual abuse under § 2241(b)(1), and, as to this count, the district court entered a judgment of acquittal. The jury convicted Benais of the count for sexual abuse of a minor under § 2243.

At sentencing, the district court applied a cross reference under U.S.S.G. § 2A3.2(c)(1) based upon evidence at trial that the second victim was intoxicated and therefore unable to appreciate the situation or physically unable to refuse to participate in the activity. The district court applied a two-level enhancement under U.S.S.G. § 2A3.1(b)(2)(B) based on the victim's age and a five-level enhancement under U.S.S.G. § 4B1.5(b) based on the fact that Benais had engaged in prohibited sex with minors on at least two other occasions and was therefore considered a repeat and dangerous sex offender against minors. These enhancements resulted in a Guidelines range of 188-235 months. The district court imposed the statutory maximum sentence of 180 months.

II.    Discussion

We review the district court's decision to admit contested evidence for abuse of discretion. United States v. Loveless, 139 F.3d 587, 592 (8th Cir. 1998). We review the district court's determination of an advisory Guidelines range de novo and its underlying factual determinations for clear error. United States v. Garcia-Gonon, 433 F.3d 587, 591-92 (8th Cir. 2006). We review the overall sentence imposed for reasonableness in light of all of the factors listed in 18 U.S.C. § 3553(a). United States v. Mathijssen, 406 F.3d 496, 498 (8th Cir. 2005).

A.    Admission of Testimony from the First Victim

"We may affirm on any ground supported by the record[.]"  United States v. Wintermute, 443 F.3d 993, 1000 (8th Cir. 2006).  Accordingly, we need not address the admissibility of the challenged testimony under Rule 404(b), as suggested by Benais.  Rather, we may address the admissibility of the testimony under Rule 413.

Rule 413(a) provides, "In a criminal case in which the defendant is accused of an offense of sexual assault, evidence of the defendant's commission of another offense or offenses of sexual assault is admissible, and may be considered for its bearing on any matter to which it is relevant."  Here, the first victim testified that Benais had sex with her in the car after they left the party but before he drove off with the second victim.  This testimony qualifies as Rule 413(a) evidence because it is evidence that Benais committed another offense of sexual assault.

Rule 413(b) states, "the Government shall disclose the evidence to the defendant, including statements of witnesses or a summary of the substance of any testimony that is expected to be offered, at least fifteen days before the scheduled date of trial[.]"  This subsection of the Rule clearly requires disclosure of the evidence itself.  Benais argues that the fifteen-day-notice requirement also imposes on the Government a separate obligation to specifically disclose or declare the intention to rely upon Rule 413 for admissibility.  There is no such requirement in the Rule, and we reject this argument.

We have stated that evidence found admissible under Rule 413 or its close analog, Rule 414 ("Evidence of Similar Crimes in Child Molestation Cases"), may still be subject to exclusion under Rule 403 if its probative value is substantially outweighed by the danger of unfair prejudice.  United States v. LeCompte, 131 F.3d 767, 769 (8th Cir. 1997).  We have held, however, that Rule 403 must be applied in this context in a manner that permits Rules 413 and 414 to have their intended effect,

namely, to permit the jury to consider a defendant's prior bad acts in the area of sexual abuse or child molestation for the purpose of showing propensity.  See id. at 770 ("This danger [that jury will use bad acts to find propensity] is one that all propensity evidence in such trials presents. It is for this reason that the evidence was previously excluded, and it is precisely such holdings that Congress intended to overrule."); United States v. Medicine Horn, 447 F.3d 620, 623 (8th Cir. 2006) (allowing Rule 413 evidence over a Rule 403 objection and stating, "the inflammatory potential inherent in the sexual nature of prior sexual offenses cannot be considered in evaluating the admissibility of evidence under Rule 413").

Applying Rule 403, we believe that the first victim's testimony carries probative value that is not substantially outweighed by the danger of unfair prejudice. Here, the rape of the first victim was very close in time and occurred under circumstances similar to the rape of the second victim.  LeCompte, 131 F.3d at 769-70; see also Medicine Horn, 447 F.3d at 623 (holding Rule 413 evidence admissible over a Rule 403 objection where the prior sexual assaults were similar in many respects to the crime charged, including the facts that the victims were teenage girls assaulted after leaving a party where they had been drinking alcohol).   The evidence was probative and the only prejudice was that prejudice made admissible by Rule 413. There was no *unfair* prejudice as required for exclusion under Rule 403.

B.      Admission of Testimony About the Girlfriend

Even if we were to assume that the testimony about the girlfriend was admitted in error, any such error was harmless.  The testimony of the first and second victims together with corroborating evidence, including the physical evidence obtained from the underpants, provides substantial evidence of guilt for the offense of sexual abuse of a minor under 18 U.S.C. § 2243.  As such, even assuming an error, we believe "the substantial rights of the defendant were unaffected, and . . . the error did not influence

or had only a slight influence on the verdict." United States v. Carroll, 207 F.3d 465, 470 (8th Cir. 2000).

C. Application of the Cross Reference Under U.S.S.G. § 2A3.2(c)

We note initially that Benais challenges not only application of the cross reference, but also any use at sentencing of facts found by the judge but neither admitted by the defense nor found by the jury. His challenge to the use of judicial fact-finding under an advisory Guidelines regime is without merit. United States v. Scott, 448 F.3d 1040, 1044 (8th Cir. 2006) (stating that under the advisory Guidelines regime, sentencing judges must still make findings as to sentence-enhancing facts and that the applicable standard is preponderance of the evidence).

Section 2243 is the federal statutory rape provision and requires no examination of a minor's "consent" nor proof of violence beyond the sexual act itself. U.S.S.G. § 2A3.2 is the Guidelines section applicable to persons convicted of sexual abuse of a minor in violation of 18 U.S.C. § 2243. This Guidelines section is less severe than U.S.S.G. § 2A3.1, the section applicable to a person convicted of aggravated sexual abuse under 18 U.S.C. § 2241 or sexual abuse under 18 U.S.C. § 2242. If the minor victim under § 2243 is under twelve years of age or if the statutory rape involves circumstances that meet the definitions for sexual abuse set forth in §§ 2241 or 2242, a cross reference in U.S.S.G. § 2A3.2(c) establishes the advisory Guidelines range for statutory rape under the harsher Guidelines section, section 2A3.1.

Section 2242(2) requires proof that a person "knowingly . . . engages in a sexual act with another person if that other person is . . . incapable of appraising the nature of the conduct; or . . . physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act." Id. Here, the second victim testified that she had two mixed drinks at the party. Further, she and the girl who was not raped drank throughout the rape of the first victim and finished the bottle

provided by Benais. The second victim testified regarding her own state of intoxication and stated that she passed out twice and twice awoke to find Benais on top of her. This evidence is sufficient to support the district court's finding that the second victim was "physically incapable of declining participation." Id. at § 2242(2)(B). As such, the rape of the second victim qualified as criminal sexual abuse under § 2242 for sentencing purposes, and U.S.S.G. § 2A3.2(c) required application of the cross reference.

We affirm the judgment of the district court.

_____