In the

# United States Court of Appeals
## For the Seventh Circuit

———————

No. 05-4211

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ROBERT M. HAWPETOSS,

*Defendant-Appellant.*

———————

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 05 CR 04—**William C. Griesbach**, *Judge.*

———————

ARGUED DECEMBER 1, 2006—DECIDED MARCH 6, 2007

———————

Before EASTERBROOK, *Chief Judge*, and RIPPLE and MANION, *Circuit Judges.*

RIPPLE, *Circuit Judge.* Robert M. Hawpetoss was convicted of eight counts of commission or attempted commission of sexual offenses, some against children under the age of twelve. *See* 18 U.S.C. §§ 1153(a), 2241(c) and 2242(1). He now appeals the district court's final judgment of conviction and sentence. He submits that the district court erred in granting the Government's motion in limine to admit evidence of uncharged sex offenses allegedly committed by him. For the reasons set forth in this opinion, we affirm the judgment of the district court.

# I

# BACKGROUND

## A. Facts

Robert M. Hawpetoss is a Native American who lives on the Menomenee Indian Reservation in Wisconsin. He was charged, in a second superseding indictment, with eight counts[1] alleging that he violated 18 U.S.C. § 1153(a),[2] § 2241(c)[3] and § 2242(1)[4] by

---

[1] An additional count, originally contained in the second superceding indictment, was dismissed on statute of limitations grounds.

[2] 18 U.S.C. § 1153(a) provides:

> Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder, manslaughter, kidnapping, maiming, a felony under chapter 109A, incest, assault with intent to commit murder, assault with a dangerous weapon, assault resulting in serious bodily injury (as defined in section 1365 of this title), an assault against an individual who has not attained the age of 16 years, felony child abuse or neglect, arson, burglary, robbery, and a felony under section 661 of this title within the Indian country, shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

[3] 18 U.S.C. § 2241(c) provides:

> With children.—Whoever crosses a State line with intent to engage in a sexual act with a person who has not attained the age of 12 years, or in the special maritime and territorial jurisdiction of the United States or in a Federal

(continued...)

attempting to engage and engaging in specified sexual acts with three minor children. Count I alleged that Mr. Hawpetoss attempted to engage in sexual acts with M.O., who was eight years old at the time. Counts II and III

---

[3] (...continued)
prison, or in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the Attorney General, knowingly engages in a sexual act with another person who has not attained the age of 12 years, or knowingly engages in a sexual act under the circumstances described in subsections (a) and (b) with another person who has attained the age of 12 years but has not attained the age of 16 years (and is at least 4 years younger than the person so engaging), or attempts to do so, shall be fined under this title and imprisoned for not less than 30 years or for life. If the defendant has previously been convicted of another Federal offense under this subsection, or of a State offense that would have been an offense under either such provision had the offense occurred in a Federal prison, unless the death penalty is imposed, the defendant shall be sentenced to life in prison.

[4] 18 U.S.C. § 2242(1) provides:

Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, or in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the Attorney General, knowingly—

1) causes another person to engage in a sexual act by threatening or placing that other person in fear (other than by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping).

charged that, in 1985 and 1986, he sexually molested his stepson, D.A.S., when the boy was between the ages of eleven and twelve years old. Counts IV through VII alleged that, beginning when his stepdaughter, F.B., was four years old, he sexually molested her. Count VIII charged that he had threatened F.B. at knife-point and had sexual intercourse with her when she was fourteen years old.

With respect to Count I, M.O. testified that, when she was eight years old, she was riding in a truck with Mr. Hawpetoss and her mother and father. The truck broke down, and Mr. Hawpetoss took her into the woods. When they were alone, he propositioned her, using crude and suggestive language that M.O. did not understand at the time. She fled, reached the highway and flagged down a car. The occupants, individuals going on a camping trip, drove her home. M.O. told her sister about her experience with Mr. Hawpetoss, and they called the police; M.O. told the police that she had been propositioned sexually by Mr. Hawpetoss.

Before any evidence relating specifically to Counts II through VIII of the indictment was heard by the jury, the Government offered the testimony of two additional children, S.C. and M.W., regarding uncharged conduct. Specifically, S.C., Mr. Hawpetoss' nephew, testified that he was twice assaulted by Mr. Hawpetoss as a child. Similarly, the Government offered the testimony of M.W., the son of Mr. Hawpetoss' then live-in girlfriend. M.W. stated that, while on a camping trip, he had slept in a tent with Mr. Hawpetoss. He related that Mr. Hawpetoss had requested that M.W. touch his genitals. M.W. refused and went to sleep, but, later, Mr. Hawpetoss awakened him, pulled down his shorts and underwear, fondled his genitals, and rubbed his own genitals against the young

boy's buttocks. Similar incidents, M.W. testified, occurred throughout that same summer.

With respect to the remaining counts of the indictment, D.A.S., Mr. Hawpetoss' stepson, testified that, between November 1985 and September 1986, and again in 1987, Mr. Hawpetoss had assaulted him sexually. Mr. Hawpetoss also demanded, he further testified, that D.A.S. perform oral sex on him. When D.A.S. balked, Mr. Hawpetoss put a knife to his throat and told him that, if he did not comply, Mr. Hawpetoss would kill him. Mr. Hawpetoss continued to assault sexually D.A.S. until the boy left for boarding school when he was in the eighth grade.

Finally, Mr. Hawpetoss' stepdaughter, F.B., testified that, during the period of 1985 through 1989, he had assaulted her sexually. She was under twelve years old throughout this period. These assaults began, she testified, when she was four years old. When F.B. was fourteen, Mr. Hawpetoss had sexual intercourse with her, forcing her to comply at knife-point.

### B.  The District Court's Evidentiary Rulings

Before trial, the Government filed a motion in limine to admit evidence under Rules 413 and 414 of the Federal Rules of Evidence. Specifically, the Government sought to admit evidence of uncharged conduct of Mr. Hawpetoss: other instances of sexual molestation and assault of the victims, M.O., D.A.S. and F.B., and the sexual molestation of two other minors not mentioned in the indictment, S.C. and M.W. In opposing the Government's motion, Mr. Hawpetoss argued that admission of this evidence violated Rule 403 of the Federal Rules of Evidence because it was unfairly prejudicial. He further submitted that the proffered evidence would be confusing, mislead the

jury, cause undue delay and be simply cumulative of other evidence.

The district court first addressed the issues raised in the Government's motion in a written opinion issued before trial. In that order, the court carefully analyzed the rationale behind the enactment of Federal Rules of Evidence 413 and 414. In its analysis, the district court relied primarily on a Ninth Circuit decision, *United States v. LeMay*, 260 F.3d 1018, 1028 (9th Cir. 2001). *LeMay* articulated and applied five factors that a court should consider in making a Rule 403 determination with respect to evidence otherwise admissible under Rules 413 and 414: similarity of the conduct, proximity in time, frequency of prior acts and the presence or lack of intervening circumstances and whether the evidence was necessary beyond the testimony already offered at trial. *Id.*

Having determined, at least tentatively, that the evidence was admissible, the district court nevertheless emphasized to the parties that its ruling was tentative. The court expressed its intent to revisit this ruling in the course of trial so that it could appraise the admission of the evidence in light of the evidence actually presented at trial.

The trial began on June 20, 2005. The court forbade the parties from addressing the Rules 413 and 414 evidence in their opening statements. Prior to the admission of the evidence the court required proffers with respect to each witness and gave an explicit cautionary instruction.

## II

## DISCUSSION

Mr. Hawpetoss submits that the district court erred in granting the Government's motion in limine to admit

evidence of various uncharged sex offenses allegedly committed by Mr. Hawpetoss. We review a district court's decision to admit evidence for abuse of discretion. *United States v. Wilson*, 237 F.3d 827, 834 (7th Cir. 2001). Concerning the admission of evidence of other acts of sexual misconduct, the district court has wide discretion, and, consequently, this court's review is "highly deferential." *United States v. Julian*, 427 F.3d 471, 487 (7th Cir. 2005).

Federal Rules of Evidence 413 and 414 were enacted by Congress as part of the Violent Crime Control and Law Enforcement Act of 1994. Pub. L. No. 103-322, 108 Stat. 1796. These two rules create an exception to the general prohibition against "propensity evidence" found in Federal Rule of Evidence 404(b) (evidence of other crimes may not be used to "prove the character of a person in order to show action in conformity therewith," Fed. R. Evid. 404(b)). Rule 413 expressly allows evidence of past sexual assault offenses when a defendant is accused of another offense of sexual assault to the extent such evidence is relevant.[5] Similarly, Rule 414 states that, in a

---

[5] Specifically, Rule 413 of the Federal Rules of Evidence provides:

Evidence of Similar Crimes in Sexual Assault Cases

(a) In a criminal case in which the defendant is accused of an offense of sexual assault, evidence of the defendant's commission of another offense or offenses of sexual assault is admissible, and may be considered for its bearing on any matter to which it is relevant.

(b) In a case in which the Government intends to offer evidence under this rule, the attorney for the Government shall disclose the evidence to the defendant, including statements of witnesses or a summary of
(continued...)

criminal case in which the defendant is accused of child molestation, evidence of past offenses of child molestation is admissible to the extent these offenses are relevant.[6] For

---

[5] (...continued)

    the substance of any testimony that is expected to be offered, at least fifteen days before the scheduled date of trial or at such later time as the court may allow for good cause.

    (c) This rule shall not be construed to limit the admission or consideration of evidence under any other rule.

    (d) For purposes of this rule and Rule 415, "offense of sexual assault" means a crime under Federal law or the law of a State (as defined in section 513 of title 18, United States Code) that involved—

        (1) any conduct proscribed by chapter 109A of title 18, United States Code;

        (2) contact, without consent, between any part of the defendant's body or an object and the genitals or anus of another person;

        (3) contact, without consent, between the genitals or anus of the defendant and any part of another person's body;

        (4) deriving sexual pleasure or gratification from the infliction of death, bodily injury, or physical pain on another person; or

        (5) an attempt or conspiracy to engage in conduct described in paragraphs (1)-(4).

[6] Rule 414 of the Federal Rules of Evidence provides:

Evidence of Similar Crimes in Child Molestation Cases

    (a) In a criminal case in which the defendant is accused of an offense of child molestation, evidence of the

(continued...)

---

[6] (...continued)

> defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant.
>
> (b) In a case in which the Government intends to offer evidence under this rule, the attorney for the Government shall disclose the evidence to the defendant, including statements of witnesses or a summary of the substance of any testimony that is expected to be offered, at least fifteen days before the scheduled date of trial or at such later time as the court may allow for good cause.
>
> (c) This rule shall not be construed to limit the admission or consideration of evidence under any other rule.
>
> (d) For purposes of this rule and Rule 415, "child" means a person below the age of fourteen, and "offense of child molestation" means a crime under Federal law or the law of a State (as defined in section 513 of title 18, United States Code) that involved—
>
> > (1) any conduct proscribed by chapter 109A of title 18, United States Code, that was committed in relation to a child;
> >
> > (2) any conduct proscribed by chapter 110 of title 18, United States Code;
> >
> > (3) contact between any part of the defendant's body or an object and the genitals or anus of a child;
> >
> > (4) contact between the genitals or anus of the defendant and any part of the body of a child;
> >
> > (5) deriving sexual pleasure or gratification from
> >
> > (continued...)

the purposes of the rule, "child" refers to anyone under the age of fourteen. Fed. R. Evid. 414. Neither rule places any time limit on the other offenses that may be offered into evidence.[7]

Rule 403 states that otherwise relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice.[8]

We already have held that the admissibility of evidence under Rule 413 does not "displace the court's authority

---

[6] (...continued)

> the infliction of death, bodily injury, or physical pain on a child; or
>
> (6) an attempt or conspiracy to engage in conduct described in paragraphs (1)-(5).

[7] Congress enacted these new rules to "protect[] the public from rapists and child molesters . . . . In child molestation cases, for example, a history of similar acts tends to be exceptionally probative because it shows an unusual disposition of the defendant . . . that simply does not exist in ordinary people." 2 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 414 App.01(2)(d), at 18-20 (Joseph M. McLaughlin ed., 2d ed. 2005) (quoting 140 Cong. Rec. S12990 (daily ed. Sept. 20, 1994) (statement of Sen. Dole)).

[8] Rule 403 of the Federal Rules of Evidence reads:

> Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion, or Waste of Time:
>
> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

pursuant to Rule 403 to exclude evidence of a prior assault if its probative value is substantially outweighed by the danger of unfair prejudice." *United States v. Julian*, 427 F.3d 471, 487 (7th Cir. 2005). This view is consonant with that of many other courts of appeals that have considered the interplay between Rule 403 and the sexual assault rules.[9]

Mr. Hawpetoss' appeal is a focused one. He does not contest the admission of any evidence relating to M.O., D.A.S. and F.B., the three victims in the counts of the superceding indictment for which he was tried. He only submits that evidence of his sexual molestation of S.C. and M.W. should have been excluded.

Furthermore, Mr. Hawpetoss does not dispute much of the district court's analysis regarding whether to admit the evidence under Rule 414. He concedes that the evidence is relevant as required under Federal Rule of Evidence 401.[10] He further accepts that the district court's basic analysis, employing the factors set forth by the Ninth Circuit in *United States v. LeMay*, is correct as to the first four factors: similarity of the conduct, proximity in

---

[9] *See, e.g.*, *United States v. Seymour*, 468 F.3d 378 (6th Cir. 2006) (applying Rule 403 to evidence admissible under Rule 414 and citing precedent from the Eight, Ninth and Tenth Circuits holding the same); *see also United States v. Guidry*, 456 F.3d 493, 503-04 (5th Cir. 2006) (holding 403 applicable to 413 evidence); *United States v. Norris*, 428 F.3d 907, 914 (9th Cir. 2005) (stating that Rule 403 applies to the admission of evidence under Rule 414); *United States v. Castillo*, 140 F.3d 874, 884 (10th Cir. 1998) (stating that Rule 403 adequately addresses concerns of prejudice in an Eighth Amendment challenge to Rule 414).

[10] Appellant's Br. at 14.

time, frequency of prior acts and the presence or lack of intervening circumstances.[11] Mr. Hawpetoss disputes only that the district court improperly analyzed the question of whether the evidence was necessary beyond the testimony already offered at trial.[12]

The *LeMay* five factor approach finds its roots in the particular considerations employed by the Tenth Circuit in *United States v. Guardia*, 135 F.3d 1326, 1331 (10th Cir. 1998), to determine whether evidence otherwise admissible under Rule 414 survives the "microscope" of Rule 403. *LeMay*, 260 F.3d at 1028. Notably, the Tenth Circuit did not explicitly adopt a rigid five factor test but instead highlighted that the factors mentioned were among the "innumerable" considerations that a district court might take into account. *Id.* As articulated in *LeMay*, those factors are: "(1) the similarity of the prior acts to the acts charged, (2) the closeness in time of the prior acts to the acts charged, (3) the frequency of the prior acts, (4) the presence or lack of intervening circumstances, and (5) the necessity of the evidence beyond the testimonies already offered at trial." *Id.* at 1028 (internal quotation marks omitted).[13]

This circuit has not expressly adopted the factors-based test of *LeMay*. Instead, in *Julian*, we stressed that "the district court enjoys wide discretion in admitting or excluding evidence, and our review of its evidentiary ruling is highly deferential." *Julian*, 427 F.3d at 487. In

---

[11] *Id.*

[12] *Id.* at 14-15.

[13] The Third Circuit has adopted substantially the same test. *See Johnson v. Elk Lake Sch. Dist.*, 283 F.3d 138, 156 (3d Cir. 2002).

effect, then, *Julian* adopts a more flexible approach than *LeMay* and one more in harmony with the outlined approach of the Tenth Circuit in *Guardia* when it foresaw that district courts would consider "innumerable" factors. *Guardia*, 135 F.3d at 1331. At least one other circuit has employed an approach more flexible than the one employed in *LeMay*.[14] Given the relative paucity of case law in this area, we are hesitant to cabin artificially the discretion of the district courts through the imposition of a relatively rigid multi-factor test. We believe that, while the factors articulated in *LeMay* are certainly a helpful guide for a district court in making the discretionary determination on the admissibility of such evidence, the more flexible course adopted in *Julian* is both the wise and prudent course.

Mr. Hawpetoss claims that the district court incorrectly granted the Government's motion in limine because it misapplied the fifth factor: "the necessity of the evidence beyond the testimonies already offered at trial." *LeMay*, 260 F.3d at 1028. Mr. Hawpetoss urges, without citation of authority, that this factor is the most important of those mentioned in *LeMay*. In his view, the nature of S.C. and M.W.'s testimony is so prejudicial that it produces the reaction "game over!" in the eyes of the jury before they

---

[14] In considering whether to admit evidence under Rule 413, the Eighth Circuit found sufficient that both the rape of the first victim was close in time to the rape of the second victim, and that it occurred under similar circumstances. *United States v. Benais*, 460 F.3d 1059, 1063 (8th Cir. 2006).

have heard all the evidence.[15] We believe that this argument substantially overstates the situation. The evidence is concededly relevant and, in the context of this record, its admission did not constitute an abuse of discretion by the district court.

The district court first determined that the disputed evidence was similar to the charged conduct. *See* R.65. All of the charged acts involved children with whom the defendant had a familial or quasi-familial relationship; it was certainly reasonable of the district court to conclude that this factor weighed in favor of admissibility. The district court then examined the amount of elapsed time between the prior uncharged offenses and the charged offenses and concluded, reasonably, that the interval was not so long as to preclude admissibility. The court also took into account that the acts were frequent and continued over a long period of time, which likewise favored admissibility in the district court's analysis. The court found no evidence of any intervening acts that might have decreased the relevance of the disputed evidence. Finally, the two victims about whom the Government sought to introduce evidence of uncharged abuse were already scheduled to testify at trial, and thus, the court concluded, the testimony of S.C. and M.W. was unlikely to violate Rule 403's admonition against undue delay.

Even though the district court's initial consideration of the matter in the context of the motion in limine was thoughtful and comprehensive, the district court did not end its inquiry there. Instead, at the final pretrial conference, the district court emphasized that "decisions on

---

[15] Appellant's Br. at 18.

Motions in Limine are necessarily preliminary, and circumstances can change." R.114 at 3. Referring to the Government's motion, the district court stated that its "initial inclination and certainly reflected in [its] decision on the matter is that it should be granted." *Id.*[16]

Consonant with its statement, the district court did not allow the Government to reference the testimony of S.C. and M.W. during opening arguments and further required an offer of proof before admitting this evidence at trial. Notably, the district court also gave a limiting instruction to the jury prior to allowing the introduction of this testimony. When measured by any standard, the record in this case reflects a careful, conscientious consideration of the issue by the district court.

We have stated explicitly that a district court's determination on an evidentiary matter is reviewed in a highly deferential manner. We made it clear in *Julian* that this principle must guide our determination even when reviewing the difficult situations necessarily posed in the administration of Rules 413 and 414. *See Julian*, 427 F.3d at 487. The record before us reflects careful, measured consideration of the disputed evidence by the district court. The district court very carefully considered the disputed evidence and determined it to be both relevant

---

[16] It is true that this evidence was provisionally admitted before any evidence on Counts II through VIII of the second superceding indictment. However, during opening arguments the Government had discussed, at some length, the evidence pertaining to those counts. The district court therefore considered that evidence when making its final determination as to whether to admit the uncharged misconduct evidence at the actual trial.

and non-violative of Federal Rule of Evidence 403. We certainly see no abuse of discretion in admitting evidence of Mr. Hawpetoss' molestation of both S.C. and M.W.


### Conclusion

   For these reasons, the judgment of the district court is affirmed.

                                                      AFFIRMED

A true Copy:

         Teste:


                          _____
                          *Clerk of the United States Court of*
                          *Appeals for the Seventh Circuit*

USCA-02-C-0072—3-6-07