# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**Misc. Dkt. No. 2016-12**

————————————

**UNITED STATES**
*Appellant*

**v.**

**Brian L. WALTERS**
Staff Sergeant (E-5), U.S. Air Force, *Appellee*

————————————

Appeal by the United States Pursuant to Article 62, UCMJ

Decided 12 January 2017

————————————

*Military Judge:* Patricia A. Gruen.

*GCM convened at Joint Base Pearl Harbor-Hickam, Hawaii.*

*For Appellant:* Major Mary Ellen Payne, USAF (argued); Colonel Katherine E. Oler, USAF; and Gerald R. Bruce, Esquire.

*For Appellee:* Major Lauren A. Shure, USAF (argued), and Lieutenant Colonel Nicholas W. McCue, USAF.

Before MAYBERRY, SPERANZA, and JOHNSON, *Appellate Military Judges.*

Judge SPERANZA delivered the opinion of the court, in which Senior Judge MAYBERRY and Judge JOHNSON joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

SPERANZA, Judge:

The United States brings this appeal under Article 62, UCMJ, 10 U.S.C. § 862, asserting that the military judge abused her discretion by excluding evidence offered pursuant to Military Rule of Evidence (Mil. R. Evid.) 413. We agree and grant the Government's appeal.

## I. BACKGROUND

Appellee is charged with one specification of abusive sexual contact by causing bodily harm, in violation of Article 120, UCMJ, 10 U.S.C. § 920, for allegedly touching Staff Sergeant (SSgt) RM's pubic area with his hand with an intent to gratify his sexual desire. Prior to trial and pursuant to Mil. R. Evid. 413, trial counsel provided trial defense counsel notice of the Government's intent to offer evidence that Appellee committed another sexual offense upon Ms. JC. Trial defense counsel promptly moved for appropriate relief, asking the military judge to suppress evidence related to Ms. JC's allegations because it involved "charged" misconduct prohibited by *United States v. Hills*, 75 M.J. 350 (C.A.A.F. 2016), failed to meet the threshold requirements established by the Court of Appeals for the Armed Forces (CAAF) in *United States v. Wright*, 53 M.J. 476 (C.A.A.F. 2000), and failed the balancing test required by Mil. R. Evid. 403. The Government opposed the motion and offered Ms. JC's written statement to the Honolulu Police Department to support its position. The Government also invited the military judge to consider SSgt RM's recorded interview with the Air Force Office of Special Investigations (AFOSI).

Following the convening of the general court-martial, the parties litigated several motions, to include the motion for appropriate relief seeking exclusion of evidence under Mil. R. Evid. 413. In support of their written submissions on this matter, the parties offered additional evidence, including witness testimony. After presentation of evidence and argument by counsel, the military judge, on the record, discussed her findings of fact with the parties before granting the Defense motion. The military judge documented her oral ruling in a written ruling. Subsequently, the Government served timely notice of appeal and the case was docketed with this court.

## II. JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction to hear this appeal under Article 62(a)(1)(B), UCMJ, 10 U.S.C. § 862(a)(1)(B), which authorizes the Government to appeal "[a]n order or ruling which excludes evidence that is substantial proof of a fact material in the proceeding" in a court-martial where a punitive discharge may be adjudged.

A military judge's decision to admit evidence is reviewed for an abuse of discretion. *United States v. Solomon*, 72 M.J. 176, 179 (C.A.A.F. 2013). The military judge's findings of fact are reviewed for clear error, but her conclusions of law are reviewed de novo. *United States v. Keefauver*, 74 M.J. 230, 233 (C.A.A.F. 2015). An abuse of discretion occurs if the military judge's decision "is *influenced by an erroneous view of the law*." *United States v. Cowgill*, 68 M.J. 388, 390 (C.A.A.F. 2010) (quoting *United States v. Quintanilla*, 63 M.J. 29, 35 (C.A.A.F. 2006)) (emphasis added).

Because this issue is before us pursuant to a Government appeal, we may act only with respect to matters of law. Article 62(b), UCMJ. We may not make

findings of fact, as we are limited to determining whether the military judge's factual findings are clearly erroneous or unsupported by the record. *United States v. Lincoln*, 42 M.J. 315, 320 (C.A.A.F. 1995). We also review the evidence in the light most favorable to the prevailing party. *United States v. Wicks*, 74 M.J. 93, 98 (C.A.A.F. 2014). "When a court is limited to reviewing matters of law, the question is not whether a reviewing court might disagree with the trial court's findings, but whether those findings are 'fairly supported by the record.'" *United States v. Gore*, 60 M.J. 178, 185 (C.A.A.F. 2004) (quoting *United States v. Burris*, 21 M.J. 140, 144 (C.M.A. 1985)).

Mil. R. Evid. 413 is an exception to the ordinary rule that evidence of uncharged misconduct or prior convictions is generally inadmissible and may not be used to show an accused's propensity or predisposition to commit charged conduct. *See* Mil. R. Evid. 404(b); *United States v. Berry*, 61 M.J. 91, 95 (C.A.A.F. 2005); *Wright*, 53 M.J. at 480. The Rule provides that "[i]n a court-martial proceeding for a sexual offense, the military judge may admit evidence that the accused committed any other sexual offense. The evidence may be considered on any matter to which it is relevant." Mil. R. Evid. 413(a). This includes using evidence of either a prior sexual offense conviction or uncharged sexual offenses to prove that an accused has a propensity to commit a sexual offense. *Hills*, 75 M.J. at 354 (citing *United States v. James*, 63 M.J. 217, 220–22 (C.A.A.F. 2006)).

The meaning and scope of Mil. R. Evid. 413 is a question of law that we review de novo. *LRM v. Kastenberg*, 72 M.J. 364, 369 (C.A.A.F. 2013). We first review de novo the meaning and scope of Mil. R. Evid. 413 to determine whether the military judge's exclusion of the conduct under Mil. R. Evid. 413 was guided by erroneous legal conclusions before determining whether the military judge abused her discretion in excluding Mil. R. Evid. 413 evidence as propensity evidence. *Hills*, 75 M.J. at 354 (citing *Koon v. United States*, 518 U.S. 81, 100 (1996)); *see United States v. Clayton*, 67 M.J. 283, 286 (C.A.A.F. 2009).

In pertinent part, the military judge concluded the following: the CAAF's decision in *Hills* precluded admission of the evidence offered in this case because "[t]he 'uncharged misconduct' is actually charged misconduct, it is just that the other charged acts that the Government seeks to admit are pending trial in a civilian criminal court, as opposed to being charged in this military court-martial;" the offered evidence was not logically relevant under Mil. R. Evid. 401 and 402, thus failing the third threshold finding for admissibility as required by *Wright*; and the evidence failed the Mil. R. Evid. 403 balancing test because "[t]his type of evidence is highly prejudicial and certainly more prejudicial than probative." We find each of these conclusions was guided and influenced by the military judge's erroneous view of the law; thus, she abused her discretion in excluding the offered evidence. *See Cowgill*, 68 M.J. at 390; *Clayton*, 67 M.J. at 286.

### III. APPLICATION OF *UNITED STATES V. HILLS*

In *Hills*, the CAAF held that because evidence of charged sexual misconduct "was already admissible in order to prove the offenses at issue, the application of [Mil. R. Evid.] 413—a rule of admissibility for evidence that would otherwise not be admissible—was error." 75 M.J. at 352. The CAAF explained that "[n]either the text of [Mil. R. Evid.] 413 nor the legislative history of its federal counterpart suggests that the rule was intended to permit the government to show propensity by relying on the very acts the government needs to prove beyond a reasonable doubt *in the same case.*" *Id.* (emphasis added). It seemed obvious to the CAAF "that it is impermissible to utilize [Mil. R. Evid.] 413 to show that charged conduct demonstrates an accused's propensity to commit . . . the charged conduct." *Id.* at 353. Moreover, the court found that the standard findings instructions on the proper use of Mil. R. Evid. 413 evidence of charged offenses "both undermined the presumption of innocence and created a tangible risk that Appellant was convicted based on evidence that did not establish his guilt beyond a reasonable doubt." *Id.* at 352.

SSgt RM alleged that while at a bar, the drunken Appellee grabbed her hand and placed it on his genitals; followed her into the bathroom; pushed her against the side of the stall and tried to kiss her, while she repeatedly said "no" and "stop it;" put his hand up her underwear, touching her pubic area; and only stopped when a bar employee entered the bathroom and told Appellee to leave.

Approximately six months after SSgt RM's allegations and less than four months after charges related to those allegations were preferred, Ms. JC alleged that Appellee touched her without consent. Specifically, Ms. JC claimed the following: As she drove Appellee's girlfriend and the drunken Appellee home, Appellee's girlfriend sat in the passenger's seat with her head resting on the dashboard, apparently sleeping, while Appellee sat in a backseat behind Ms. JC. Appellee began to massage Ms. JC's shoulders. She pushed his hands away. Appellee persisted and moved his hands closer to her chest area. She told Appellee to "stop" and again pushed his hands away. Appellee told her to "relax," reached underneath her bikini top, and massaged her breasts with both of his hands. She again told him to "stop," and Appellee told her "relax" and proceeded to "grope" her breasts again. Appellee did not stop touching Ms. JC until his girlfriend looked over.

That same evening, Ms. JC provided a written statement to Honolulu Police. On the form, the Honolulu Police classified the offense as a sexual assault. Appellee was arrested for this conduct and was scheduled to be arraigned in Hawaii state court.

The military judge acknowledged that the conduct offered pursuant to Mil. R. Evid. 413 was "not charged in the case at bar." Nevertheless, she found that *Hills*' prohibition against permitting the Government to show propensity by relying on the very acts the Government needs to prove beyond a reasonable

doubt in the same case applied in Appellee's case. The military judge concluded, "In this case, the evidence the Government seeks to admit is actually charged conduct and a presumption of innocence has attached to the Accused with respect to that charged conduct as it is an allegation that is yet to be proved."

However, no offense related to Ms. JC's allegations is before Appellee's court-martial. The offense is pending before a court in a separate jurisdiction and that court will independently render its verdict, if any. The conduct offered by the Government pursuant Mil. R. Evid. 413 is not conduct the Government has to prove beyond a reasonable doubt in the same case. *See Hills*, 75 M.J. at 352. This plainly is not an offense on which the factfinder in Appellee's court-martial has to deliberate. *See id.* at 354 (citing *Wright*, 53 M.J. at 479). Accordingly, the CAAF's attendant concerns about Appellee's presumption of innocence being undermined by the Government's use of evidence admitted to prove charged offenses in the same case are not implicated here.

Mil. R. Evid. 413 evidence of an offense charged in another jurisdiction, but not charged in the case at bar, is not precluded by *Hills*. The conduct is not charged in the same case and evidence of this uncharged conduct would not already be admissible at the court-martial. *See Hills*, 75 M.J. at 355. However, such evidence of uncharged conduct may be properly admitted under Mil. R. Evid. 413. Thus, the military judge abused her discretion by erroneously finding the evidence of Appellee's uncharged sexual offenses upon Ms. JC offered pursuant to Mil. R. Evid. 413 at Appellee's court-martial was "actually charged misconduct" as contemplated and prohibited by *Hills*. Moreover, this erroneous view of the law influenced her subsequent analysis and decisions under *Wright* and Mil. R. Evid. 403.

## IV. *WRIGHT*'S THRESHOLD FINDINGS FOR ADMISSIBILITY

In *Wright*, the CAAF required military judges to make the following three threshold findings before admitting evidence under Mil. R. Evid. 413: (1) The accused is charged with an offense of sexual assault; (2) The evidence proffered is evidence of his commission of another offense of sexual assault; and (3) The evidence is relevant under Mil. R. Evid. 401 and Mil. R. Evid. 402. 53 M.J. at 482.

Mil. R. Evid. 401 establishes the test for relevance. Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Mil. R. Evid. 401.

Under Mil. R. Evid. 402, "[r]elevant evidence is admissible unless any of the following provides otherwise: (1) the United States Constitution as it applies to members of the Armed Forces; (2) a federal statute applicable to trial by courts-martial; (3) these rules; or (4) this Manual." Mil. R. Evid. 402(a)(1)-(4). "Irrelevant evidence is not admissible." Mil. R. Evid. 402(b).

After concluding *Hills* prohibited admission of the evidence offered by the Government under Mil. R. Evid. 413, the military judge nonetheless made her threshold findings under *Wright*. The military judge found that Appellee was charged with an offense of sexual assault and that the proffered evidence alleging Appellee touched Ms. JC's breasts without her consent was evidence of Appellee's commission of another sexual assault. However, the military judge determined that the proffered evidence was not relevant under Mil. R. Evid. 401 and 402. She concluded that "[w]hether the evidence is relevant under [Mil. R. Evid.] 401 and [Mil. R. Evid.] 402 is where the *Hills* findings seem to interface and potentially conflict with the *Wright* case." Consequently, the military judge reasoned:

> If the evidence the Government seeks to admit in this court-martial is charged misconduct, but not charged in the case at bar, then the unproven allegation of a completely separate alleged unproven incident regarding a completely separate set of facts and alleged victim is arguably not relevant to the conduct at issue in this court-martial.

We find no conflict between the CAAF's holdings in *Hills* and *Wright*. Any conflict between these two binding decisions was created by the military judge's erroneous assessment of what constitutes "charged" conduct under *Hills*. The military judge's misapplication of *Hills* influenced her decision to find seemingly archetypal propensity evidence under Mil. R. Evid. 413 logically irrelevant and, therefore, inadmissible under Mil. R. Evid. 401 and Mil. R. Evid. 402, despite its relevancy being "all but mandated." *See United States v. Dewrell*, 52 M.J. 601, 608 (A.F. Ct. Crim. App. 1999) ("The first issue for any item of evidence is relevance. *See* Mil. R. Evid. 401, 402. As prior dicta on this issue have intimated, in view of the language Congress used in Rules 413 and 414, relevancy is all but mandated."). Moreover, evidence of "an unproven allegation of a completely separate alleged unproven incident regarding a completely separate set of facts and alleged victim" is the type of evidence Mil. R. Evid. 413 inarguably deems logically relevant in sexual offense cases. Accordingly, the military judge's determination that evidence of Appellee's alleged sexual offenses against Ms. JC failed the third threshold finding of *Wright*—relevance under Mil. R. Evid. 401 and Mil. R. Evid. 402—was guided by an erroneous view of the law.

## V. MIL. R. EVID. 403 BALANCING TEST

Although the military judge found that the proffered evidence failed the third threshold finding for admissibility under *Wright*, she still conducted the required Mil. R. Evid. 403 balancing test.

Once the evidence meets the threshold requirements in *Wright*, the military judge must apply the balancing test of Mil. R. Evid. 403 under which the evidence may be excluded if its "probative value is substantially outweighed

by the danger of unfair prejudice, confusion of the issues, or misleading the members." Berry, 61 M.J. at 95 (citing Mil. R. Evid. 403). In conducting the balancing test under Mil. R. Evid. 403, the military judge should consider the following factors:

> [T]he strength of the proof of the prior act; the probative weight of the evidence; the potential to present less prejudicial evidence; the possible distraction of the fact-finder; the time needed to prove the prior conduct; the temporal proximity of the prior event; the frequency of the acts; the presence of any intervening circumstances; and the relationship between the parties.

*Id.* (citing *Wright*, 53 M.J. at 482).

"No one factor is controlling, although in a given case it could be." *United States v. Bare*, 65 M.J. 35, 37 (C.A.A.F. 2007). However, the Mil. R. Evid. 403 balancing test "should be applied 'in light of the strong legislative judgement that evidence of prior sexual offenses should ordinarily be admissible[.]'" *Wright*, 53 M.J. at 482 (citing *United States v. LeCompte*, 131 F.3d 767, 769 (8th Cir. 1997)). It is not expected that evidence admissible pursuant to Mil. R. Evid. 413 would often be excluded on the basis of Mil. R. Evid. 403. *See id.* (citing David J. Karp, *Symposium on the Admission of Prior Offense Evidence in Sexual Assault Cases: Evidence of Propensity and Probability in Sex Offense Cases and Other Cases*, 70 CHICAGO-KENT L. REV. 15, 19 (1994)). "The presumption is in favor of admission." *Id.*

The military judge cited each factor announced in *Wright*, but only briefly addressed half of them in conducting her balancing test—the strength of proof of the prior act, the probative weight of the evidence, the relationship between the parties, and the possibility of distraction to the factfinder. Moreover, the military judge's balancing, based on minimal findings related to some of the *Wright* factors, was influenced by her prior, erroneous legal conclusions. She found, "This *type of evidence* is highly prejudicial and certainly more prejudicial than probative." (Emphasis added). Plainly, the military judge failed to properly weigh the probative value of evidence that is presumptively relevant and admissible when she began her balancing test under the opposite presumptions. Put another way, the proffered Mil. R. Evid. 413 evidence in this case was weighed on a defective scale upon which it registered little to no probative value. On the military judge's scale, the evidence was presumptively inadmissible "charged" misconduct under Hills and, thus, not even logically relevant as propensity evidence when she weighed it. We are mindful of the discretion given to a military judge when she conducts her Mil. R. Evid. 403 balancing test on the record; however, the military judge's erroneous view of the law permeated her decisions and improperly tipped the Mil. R. Evid. 403 scale in this case. Accordingly, the military judge abused her discretion.

## VI. CONCLUSION

The military judge's ruling to grant the defense motion for appropriate relief and exclude evidence offered under Mil. R. Evid. 413 is vacated, and the record will be returned to the military judge for action consistent with this opinion. Accordingly, the appeal of the United States under Article 62, UCMJ, is hereby **GRANTED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court