In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-1516

UNITED STATES OF AMERICA,

*Plaintiff-Appellant*,

*v.*

STEPHEN L. ROGERS,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 06 CR 540—**Milton I. Shadur**, *Judge.*

ARGUED DECEMBER 12, 2008—DECIDED NOVEMBER 18, 2009

Before CUDAHY, FLAUM and WOOD, *Circuit Judges.*

WOOD, *Circuit Judge.* In 1994, Congress altered the longstanding ban on propensity evidence in criminal trials so that, in trials for sexual assault, similar conduct is admissible "for its bearing on any matter to which it is relevant." FED. R. EVID. 413. This appeal asks how this modification affects a district court's analysis under FED. R. EVID. 403, the catch-all provision excluding evidence that is relevant under Rule 401 but unduly prejudicial.

The government wants to use Rule 413 evidence against Stephen Rogers in his trial for attempting to entice a minor to engage in sexual activity and for using the Internet to attempt to transfer obscene material to a minor. The prosecutors therefore offered for admission two instances of similar conduct: a 2001 Illinois conviction for solicitation of a minor, and sexually explicit Internet conversations Rogers had with a 14-year-old girl in 2005. The district court excluded the evidence under Rule 403 and the government appeals. Because the record causes us to doubt whether the district court fully appreciated the legal relation between Rules 413 and 403, we reverse its exclusion of the evidence and remand for a new determination.

## I

Rogers has an unfortunate habit of chatting with minor girls on the Internet. In 2005, he used the Internet to initiate chats with a 14-year-old girl in Wisconsin. In addition to frequently raising the topic of sex, Rogers encouraged the girl to send him pictures of herself, which she did. These pictures included a closely cropped picture of the 14-year-old's genitalia and a picture of her naked breasts. In addition, Rogers repeatedly urged the girl to meet him for a sexual encounter. As a result of this conduct, the government charged Rogers with knowingly receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), and persuading a minor to engage in sexually explicit conduct for the purpose of producing child porn, in violation of 18 U.S.C. § 2251(a).

In 2006, Rogers again used the Internet to strike up a conversation with someone whom he believed was a minor girl; this time, however, he was chatting with a police officer pretending to be a 13-year-old girl named "Emily." Over the course of two months, Rogers used email and instant messenger to persuade "Emily" to meet him for sex. Rogers arranged dates, times, and places to meet, but he never showed up at any of the arranged meetings. He continued, however, to have sexually explicit communications with "Emily." He also emailed "Emily" a cell phone picture of a hand holding an erect penis. For this conduct, the government charged Rogers with attempting to entice a minor to engage in sexual activity, 18 U.S.C. § 2442(b), and using the Internet to attempt to transfer obscene material to a minor, 18 U.S.C. § 1470.

Rogers has one prior conviction for using the Internet to persuade someone whom he believed was a minor to have sex. In 2001, Rogers initiated a chat-room conversation with "Loren," a police officer pretending to be a 15-year-old girl. Rogers arranged to meet "Loren" at her house for sex, and the police arrested Rogers as he walked toward the address supplied by the officer. Rogers pleaded guilty in state court to indecent solicitation of a child in violation of 720 ILCS 5/11.

In the lead-up to Rogers's trial for his 2005 and 2006 conduct, the government filed a motion to admit evidence of the 2001 conviction. During a hearing on January 31, 2008, the district court orally denied the motion. The judge found that, while the 2001 conviction falls within Rule 413, the danger of unfair prejudice to Rogers from

inferences based on his propensity to commit this sort of crime substantially outweighs the minimal probative value of the 2001 conviction. The court commented that the conviction "creates exactly the kind of concern that propensity evidence is always worried about," and then ruled that it would exclude the conviction under Rule 403.

After this decision, the government filed a superseding indictment that charged the four counts discussed above. The latest indictment added the child-pornography count based on new information provided by the Wisconsin minor. In response, Rogers asked the court to bifurcate the trial: he wanted one proceeding for his interactions with the 14-year-old girl and one for his interactions with "Emily." The district court granted his request. The government then filed its second Rule 413 motion, asking the court to admit evidence of both his 2001 conviction and the 2005 conduct relating to Rogers's interactions with the 14-year-old Wisconsin girl. In that motion, it took the position that the 2005 conduct fell within the definition of an "offense of sexual assault" provided by Rule 413(d)(1) and (5), insofar as it went beyond the mere sending of pictures and included concrete attempts to meet the minor for purposes of sexual intercourse. The 2005 conduct, it argued, thus involved attempted sexual contact with a minor and qualified as "conduct proscribed by Chapter 109A of title 18, United States Code." See *Doe v. Smith,* 470 F.3d 331, 342 & n.20 (7th Cir. 2006). The government made a similar argument with respect to the conduct underlying the 2001 conviction.

During a hearing on February 29, 2008, the district court denied this second Rule 413 motion. This time, the district court found that the conduct failed to qualify as an "offense of sexual assault" under Rule 413 because the Wisconsin minor willingly participated in the conversations. Alternatively, the district court found that the danger from propensity inferences substantially outweighed the minimal probative value and excluded the evidence under Rule 403. Invoking this court's jurisdiction over an interlocutory appeal by the United States from a decision to exclude evidence, see 18 U.S.C. § 3731 ¶ 2, the government appeals the exclusion of both the 2001 conviction and the 2005 conduct with the minor.

## II

The government challenges the court's decisions on two grounds: first, with respect to the 2005 conduct, it argues that the district court erred by interpreting "offense of sexual assault" to exclude attempted, non-forcible sexual contact with a minor; and second, with respect to both of its proffers, it argues that the district court abused its discretion by excluding the evidence under Rule 403 because it failed to recognize that Rule 413 reversed the presumption that prior crimes pose a danger of unfair prejudice from propensity inferences. We review a district court's interpretation of the rules of evidence *de novo* and we review its decision to admit or exclude evidence for abuse of discretion. *United States v. LeShore*, 543 F.3d 935, 939, 941 (7th Cir. 2008).

Rule 413(a) reads as follows:

> In a criminal case in which the defendant is accused of an offense of sexual assault, evidence of the defendant's commission of another offense or offenses of sexual assault is admissible, and may be considered for its bearing on any matter to which it is relevant.

Two criteria must be satisfied for this rule to apply: first, the defendant must be accused of an offense of sexual assault, and second, the prior act must be an offense of sexual assault. Rule 413(d) defines an "offense of sexual assault" to include both "any conduct proscribed by chapter 109A" of title 18, FED. R. EVID. 413(d)(1), and an attempt to engage in either "contact, without consent, between any part of the defendant's body or an object and the genitals or anus of another person" or "contact, without consent, between the genitals or anus of the defendant and any part of another person's body." FED. R. EVID. 413(d)(2)-(5). Nobody disputes that the first criterion is met: the government charged Rogers with an attempt to entice a minor to engage in sexual activity. And nobody disputes that the second criterion is satisfied for the 2001 conviction, as Rogers pleaded guilty to knowingly soliciting a person he believed to be a minor to perform an act of sexual penetration. See 720 ILCS 5/11.

The first question we must address is whether the district court correctly found that the 2005 conduct does not qualify as an "offense of sexual assault" because there

was no "contact, without consent."[1] (The court did not rely directly on Rule 413(d)(1), which may have obviated the need for the focus on consent. As we noted in *Doe v. Smith, supra,* "[b]y cross-reference, Chapter 109A of title 18 forbids both 'sexual acts' and 'sexual contact' with a minor, as well as attempts to do either of these things." 470 F.3d at 342 n.20. Consent does not play a role in the statutory definition of either of "sexual acts" or "sexual contact." See 18 U.S.C. § 2246(2) and (3). Neither party has made anything of this point, however, and so we proceed to consider the appeal as it has been presented to us.)

To reach this conclusion, the district court interpreted "consent" to mean literal consent rather than legal consent. Under this interpretation, an attempt to have sex with a minor could be consensual for the purpose of Rule 413 if the minor willingly participated. Looking at Rogers's conversations with the 14-year-old girl in 2005, the district court decided that they were not "without consent" and therefore did not qualify under Rule 413. We cannot agree with the district court's interpretation of the word "consent." Rule 413 uses that word without qualifying it as actual or literal, and nothing suggests that Congress meant "consent" to mean anything other than its general legal

---

[1] For the purpose of this appeal, we have assumed that the 2005 conduct could properly be characterized as attempted sexual contact. We recognize that the line between solicitation and attempt can be difficult to draw, see *United States v. Gladish,* 536 F.3d 646, 649-50 (7th Cir. 2008), and *United States v. Davey*, 550 F.3d 653, 658 (7th Cir. 2008), and we do not mean to foreclose further attention to that point on remand.

definition. Minors lack the capacity to consent, and so sexual contact with a minor is always "without consent." See *Doe v. Smith*, 470 F.3d at 345 (holding that a defendant attempts to assault a minor sexually when he solicits the child's acquiescence in the sex act). Attempting to have sexual contact with the 14-year-old girl therefore qualifies as an "offense of sexual assault" under Rule 413, and thus the second criterion of the rule is satisfied for the 2005 behavior as well.

But, as the district court recognized, whether Rule 413 evidence is admissible neither begins nor ends with the text of that rule. Rule 413, after all, is permissive; it allows, but does not compel, the admission of evidence falling within its sweep. Accordingly, we must also consult Rules 401, 402, and 403. Evidence is admissible only if it is relevant. FED. R. EVID. 402. In other words, the evidence must have at least some "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Before considering whether evidence is admissible under a more specific rule, such as Rule 413, courts must consider why the evidence is relevant.

Here, we see at least three ways Rogers's prior conduct makes it more likely that Rogers, by chatting with "Emily," was attempting to entice a minor to engage in sexual activity and to send obscene material to a minor. First, the evidence helps the government prove that Rogers intended to send the obscene picture to a minor and intended to persuade a minor to engage in sexual acts. During the hearings, Rogers said that he would argue during trial that

he realized that "Emily" was an undercover officer and that he never intended to meet "Emily" in person. That Rogers previously had tried to persuade an actual minor to have sex with him and previously had traveled to meet someone he believed to be a minor for the purpose of having sex is relevant because it counters this defense.

Second, the evidence establishes motive by showing that Rogers has "a taste for engaging in that crime or a compulsion to engage in it." *United States v. Cunningham*, 103 F.3d 553, 556 (7th Cir. 1996). "Prior instances of sexual misconduct with a child victim may establish a defendant's sexual interest in children and thereby serve as evidence of the defendant's motive to commit a charged offense involving the sexual exploitation of children." *United States v. Sebolt*, 460 F.3d 910, 917 (7th Cir. 2006).

And third, the simple fact that Rogers had done it before makes it more likely that he did it again. This so-called "propensity evidence" is relevant because common sense suggests that someone with a propensity to do something is more likely to have done the same thing again. The evidence, therefore, makes a fact of consequence more or less likely. *Old Chief v. United States*, 519 U.S. 172, 180-81 (1997); *Michelson v. United States*, 335 U.S. 469, 475-76 (1948).

Relevance, in short, is necessary, but not sufficient, for admissibility. Propensity evidence exemplifies this fact, as common-law courts traditionally considered the propensity inference relevant but improper. See *Michelson*, 335 U.S. at 475-76. Rule 404(b) explicitly adopts this common-law tradition by banning the use of prior conduct to

establish a propensity to commit the crime: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." But Rule 413 alters this general prohibition by permitting the admission of a prior offense of sexual assault "for its bearing on any matter to which it is relevant" in a criminal case where the defendant is accused of sexual assault. The rule expressly allows the government to use a defendant's prior conduct to prove the defendant's propensity to commit the types of crime described in the rule. Congress intended, in passing Rule 413, to provide an exception to Rule 404(b)'s general bar and to permit the trier of fact to draw inferences from propensity evidence. *United States v. Julian*, 427 F.3d 471, 486 (7th Cir. 2005); *United States v. Hawpetoss*, 478 F.3d 820, 823 (7th Cir. 2007).

We have explicitly said, and both parties agree, that after a Rule 413 analysis the court must next consider whether it should exclude the evidence under Rule 403. See *Hawpetoss*, 478 F.3d at 824. The question therefore becomes whether Rule 413's permission to use propensity evidence in sexual assault trials affects a court's Rule 403 analysis of evidence falling within that rule. Under Rule 403, a court may exclude evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Evidence poses a danger of "unfair prejudice" if it has "an undue tendency to suggest decision on an improper basis, commonly, thought not necessarily, an

emotional one." FED. R. EVID. 403 advisory committee's note.

The government argues that Rule 413 reverses "any presumption, applicable in other cases not involving sexual offense, that evidence of other crimes poses an unfair prejudice." But this cannot be right, because it takes as a premise a presumption that does not exist. Rule 404(b) bans the use of prior bad acts to show action in conformity with the past behavior. The rule bans not the evidence, but the propensity inference. It also says that other inferences that might be drawn from prior bad acts, such as intent or motive, are permissible. Rule 404(b) neither creates any presumption nor tells a court what to do when prior-act evidence gives rise to both a propensity inference and an intent interference. The rule instead identifies which inferences are improper and which are proper. It is Rule 403—not Rule 404—that gives a court discretion to exclude prior-act evidence if the danger of the improper inferences substantially outweighs the probity of the proper ones. Rule 404(b) is thus nothing more than a rule that bars one particular inference from prior-act evidence; it is Rule 403 that gives a court discretion to exclude evidence that is problematic because it will be difficult to confine it to proper bounds, because of "the danger of unfair prejudice, confusion of the issues, or misleading the jury," or similar concerns.

But while we reject the government's argument, we nonetheless agree with the broader position that Rule 413 affects the Rule 403 analysis of past sexual offenses introduced in sexual assault cases. As we out-

lined above, the danger of unfair prejudice comes from the risk that a jury will base its decision on improper inferences. Rule 404(b) identifies the propensity inference as improper in all circumstances, and Rule 413 makes an exception to that rule when past sexual offenses are introduced in sexual assault cases. Congress has said that in a criminal trial for an offense of sexual assault, it is not improper to draw the inference that the defendant committed this sexual offense because he has a propensity to do so. Because Rule 413 identifies this propensity inference as proper, the chance that the jury will rely on that inference can no longer be labeled as "unfair" for purposes of the Rule 403 analysis. While Rule 403 remains the same, a court's Rule 403 analysis of prior conduct differs if the evidence falls under Rule 404(b) versus Rule 413; in the former analysis, the rule has decreed that the propensity inference is too dangerous, while in the latter, the propensity inference is permitted for what it is worth.

That said, evidence of prior sexual offenses may still pose significant dangers against which the district court must diligently guard. Even if the evidence does not create unfair prejudice solely because it rests on propensity, it may still risk a decision on the basis of something like passion or bias—that is, an improper basis. Even though Congress has made the propensity inference permissible, it has not said that evidence falling within Rule 413 is *per se* non-prejudicial. To the contrary, a jury might use such evidence, for example, to convict a defendant because it is appalled by a prior crime the defendant committed rather than persuaded that he committed the crime charged. See *Old Chief*, 519 U.S. at 180-81. Or a

jury, uncertain of guilt, may convict a defendant because they think the defendant is a bad person generally deserving of punishment. See *id.* We mention these dangers only as examples; our list does not purport to be exhaustive. Rule 403 remains an important safeguard against the admission of prejudicial evidence, and courts enjoy wide discretion in applying the rule. *Julian*, 427 F.3d at 487. When exercising that discretion, however, courts must recognize that, for Rule 413 evidence, the propensity inference must be viewed differently.

While the danger of prejudice may well substantially outweigh the probative value of Rogers's 2001 conviction and 2005 conduct, it is unclear from the record whether the district court took the approach that we have outlined here. In excluding the 2001 conviction and the 2005 conversations, the court expressed concern that proof of past acts would improperly distract a jury's attention away from the charges at hand. The court explained that the evidence that the government had proffered "increase[s] enormously the danger that the jury might convict upon—not upon what the actual charges are here, but because this guy is a terrible guy as evidenced by this earlier occurrence." While the court properly identified an illegitimate and prejudicial form of inference, it also discussed the substantial danger posed by "propensity evidence" and stated there was the "strongest kind of prospect for a jury to be making a propensity determination." A decision to exclude evidence based on the prejudicial effect of the propensity inference would be problematic.

The court also balanced the dangers of prejudice against the probative value, which it considered minimal. The court did not however acknowledge the probative value of the propensity inference, nor did it explain what about Rogers's particular prior sexual offenses made them more prejudicial than probative. Thus, although the court worked admirably to comply with Rules 403 and 413, we are not convinced that it fully appreciated the finely tuned balancing that the Rules require.

Although, after conducting the appropriate analysis, the district court may come to the same conclusion, we conclude that we must remand this case so that it can reconsider its ruling on these two sets of prior-act evidence. If we thought that a list of "factors" would be helpful in this process, we would offer one, but, unlike our colleagues in the Ninth Circuit, we believe that lists are unhelpful in the end for this inquiry. See *United States v. LeMay*, 260 F.3d 1018 (9th Cir. 2001) (requiring district courts to consider five enumerated factors); *Hawpetoss*, 478 F.3d at 825-26 (rejecting *LeMay*'s approach); *United States v. Kelly*, 510 F.3d 433, 437 (4th Cir. 2007) (adopting our flexible approach). Rule 403 balancing depends on the context and individual circumstances of each case, and we prefer not to "cabin artificially the discretion of the district courts." *Hawpetoss*, 478 F.3d at 825.

\* \* \*

We REVERSE the exclusion of the 2001 conviction and the 2005 conduct and REMAND for further proceedings consistent with this opinion.

CUDAHY, *Circuit Judge*, concurring. I have no objection to remanding this matter to apply the rather complex and finely articulated framework the majority has supplied. On remand, the district court will apparently not be Judge Shadur, who has recused himself from further participation in this case. As indicated in his recusal order, it appears that feelings were running high based on Judge Shadur's objection to certain tactics employed by the government as the case neared trial. It is because of this background tension that I write separately, not because of anything written in the majority opinion.

I believe Judge Shadur's recusal reflects, at least in part, his concern that there might be some doubt of his capacity to rule impartially on matters involving propensity evidence under Rules 413-415. In my view, his recusal on this account or any other arising in this case was entirely unnecessary and his impartiality, especially as to propensity evidence, is unquestioned. Many judges hold reservations about the law they must apply, but, like Judge Shadur, are able to generally cabin these concerns to the appropriate forum.

I categorically reject any suggestion by the government that Judge Shadur may have clung in an improper way to his own beliefs about the admissibility of propensity evidence or used Rule 403 as a vehicle to advance an agenda. This Court today and others previously have broadly accepted Rule 403 as a necessary bulwark against improper inferences to be drawn from evidence admitted through Rules 413-415. *See, e.g. United States v. LeMay*, 260 F.3d 1018, 1026-27 (9th Cir. 2001) ("As long as

the protections of Rule 403 remain in place to ensure that potentially devastating evidence of little probative value will not reach the jury, the right to a fair trial remains adequately safe-guarded."); *United States v. Enjady*, 134 F.3d 1426, 1433 (10th Cir. 1998). Likewise, in applying Rule 403, Judge Shadur appropriately weighed prejudicial inferences that this Court today finds within the scope of Rule 403 balancing in criminal trials for sexual assault. *See* Op. at 12-13.

That written, the foregoing should only be read as an aside supporting my belief that Judge Shadur properly discharged his duty to dispassionately preside over this case until he very conscientiously, but unnecessarily, exercised his discretion to recuse.