[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10392
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20482-KMM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TROY DOUGLAS BRIMM,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 28, 2015)

Before HULL, JULIE CARNES and FAY, Circuit Judges.

PER CURIAM:

After a jury trial, Troy Brimm appeals his convictions and total 413-month

sentence for two counts of traveling in foreign commerce to engage in illicit sexual

conduct with a minor, in violation of 18 U.S.C. §§ 2423(c) and 2426(a) (Counts 1 and 2), and one count of committing a felony sex offense involving a minor as a registered sex offender, in violation of 18 U.S.C. § 2260A (Count 3). On appeal, Brimm argues that the district court: (1) abused its discretion by admitting testimony from the victim of Brimm's 1998 California conviction for engaging in oral copulation with a minor; and (2) imposed a substantively unreasonable sentence. After review, we affirm.

## I.  EVIDENCE OF PRIOR SEXUAL CONDUCT

**A.    Prior Victim's Trial Testimony**

Brimm's convictions stem from his sexual assault of two boys, one 12 years old and the other 13 years old ("the victims"), in the Dominican Republic. The victims lived in impoverished circumstances, and met Brimm while working as shoe-shine boys in a small beach town. According to the victims' trial testimony, Brimm used offers of food, money, and access to cable television and a computer to lure the victims to his apartment, where he performed oral sex on them, after which Brimm swallowed the ejaculate and said it tasted good.

Prior to trial, the government gave notice that it intended to introduce evidence under Federal Rules of Evidence 404(b) and 413, including, inter alia: (1) Brimm's 1998 California conviction for engaging in oral copulation with a minor and the testimony of D.L., the victim of the 1998 California offense, and (2)

2

Brimm's other prior convictions in 1991, 1997, and 2001, all involving sexual conduct with minors.[1]

Brimm filed a motion in limine to exclude D.L.'s testimony based on Federal Rules of Evidence 404(b) and 403. The district court denied Brimm's motion, concluding that D.L.'s testimony was admissible under Rules 404(b), 413, and 414 and that the evidence satisfied Rule 403's balancing test, as it was "substantially similar" to the instant crimes charged against Brimm.

At trial, Brimm's renewed objection was overruled, and D.L. testified about his sexual contact with Brimm, which began just after D.L. turned seventeen. According to D.L., Brimm offered D.L. a place to stay, food, and clothing when D.L. was a homeless, "couch-hopping" teenager in California. Among other things, D.L. testified that Brimm: (1) told D.L. he believed that it should not be illegal for adults to have sex with children and that in other countries it was "perfectly fine" and not taboo to do so; (2) kept child pornography depicting young children engaging in sex with adults on his computer; (3) said he preferred boys under the age of 15; (4) expressed a desire to give "a sexual experience" to his 12-year-old lawn boy and to D.L.'s 12-year-old cousin; (5) had D.L. remove all of his body hair so that D.L. appeared younger; and (6) performed oral sex on D.L. every

---

[1]At trial, the government introduced certified records of Brimm's 1991, 1997, and 2001 prior convictions involving sexual conduct with minors, but not the 1998 California conviction involving D.L. Rather, D.L. appeared and testified about that offense.

night until D.L. ejaculated, after which Brimm would swallow the ejaculate and state that it tasted good.

## B.    Rules 404(b) and 403

Under Rule 404(b), evidence of other crimes or wrongs "is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Nevertheless, evidence of other crimes or wrongs is admissible for other purposes, such as to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Fed. R. Evid. 404(b)(2). Rule 404(b) is a rule of inclusion that "allows extrinsic evidence unless it tends to prove only criminal propensity." United States v. Sanders, 668 F.3d 1298, 1314 (11th Cir. 2012).

Under our three-part Miller test, evidence of other bad acts is admissible if: (1) the evidence is relevant to an issue other than a defendant's character; (2) there is sufficient proof to allow a jury to find that the defendant committed the bad act by a preponderance of the evidence; and (3) the evidence's probative value is not substantially outweighed by the risk of unfair prejudice under Rule 403. United States v. Jernigan, 341 F.3d 1273, 1280 (11th Cir. 2003) (applying United States v. Miller, 959 F.2d 1535 (11th Cir. 1992) (en banc)).

Rule 403 states that the district court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the

4

following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Rule 403 is an "extraordinary remedy" employed "only sparingly since it permits the trial court to exclude concededly probative evidence." United States v. Smith, 459 F.3d 1276, 1295 (11th Cir. 2006) (quotation marks and internal quotation marks omitted). Accordingly, the district court's "discretion to exclude evidence under Rule 403 is narrowly circumscribed." Id.

With respect to the third prong of the Miller test, to determine whether the probative value of the evidence is substantially outweighed by its prejudicial effect, a district court must make a common sense assessment of all the circumstances, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, and temporal remoteness. Jernigan, 341 F.3d at 1282. "A similarity between the other bad act and the charged offense will make the other offense highly probative with regard to the defendant's intent in the charged offense." United States v. Ramirez, 426 F.3d 1344, 1354 (11th Cir. 2005).

**B.      Rules 413 and 414**

Rule 413 and 414 permit the district court to admit evidence of similar crimes in criminal sexual assault and child molestation cases.[2] Specifically, Rule

---

[2] Rules 413 and 414, along with Rule 415, which applies in civil cases, were all enacted together by Congress as part of the Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322, § 320935, 108 Stat. 1796, 2135-37 (1994).

413 states that "[i]n a criminal case in which a defendant is accused of a sexual assault, the court may admit evidence that the defendant committed any other sexual assault." Fed. R. Evid. 413(a). Rule 413 further provides that "[t]he evidence may be considered on any matter to which it is relevant." Id. Rule 413 explicitly states that "[t]his rule does not limit the admission or consideration of evidence under any other rule." Fed. R. Evid. 413(c). Similarly, Rule 414 states that the district court may admit evidence that the defendant accused of child molestation "committed any other child molestation" and also that the evidence "may be considered on any matter to which it is relevant." Fed. R. Evid. 414(a). Thus, Rules 413 and 414 permit the introduction of propensity evidence and thus contain exceptions to Rule 404(b)'s general ban on propensity evidence in "sexual assault" and "child molestation" cases. See United States v. McGarity, 669 F.3d 1218, 1243-44 (11th Cir. 2012) (addressing Rule 414); United States v. Batton, 602 F.3d 1191, 1196 (10th Cir. 2010) (concluding that Rule 413 provides an exception to Rule 404's prohibition of propensity evidence); United States v. Rogers, 587 F.3d 816, 821 (7th Cir. 2009) (same).

Nonetheless, evidence admitted under Rules 413 and 414 is still subject to Rule 403's balancing test. United States v. Woods, 684 F.3d 1045, 1064 (11th Cir. 2012) (concluding that evidence admitted under Rule 414 must also meet the requirements of Rule 403); McGarity, 669 F.3d at 1244 n.32 (same); see also

6

United States v. Jones, 748 F.3d 64, 70 (1st Cir. 2014) (Rule 414); United States v.

Rogers, 587 F.3d 816, 822 (7th Cir. 2009) (Rule 413); United States v. Seymour,

468 F.3d 378, 385 (6th Cir. 2006) (Rules 413 and 414); United States v. Guidry,

456 F.3d 493, 503-04 (5th Cir. 2006) (Rule 413); United States v. LeMay, 260

F.3d 1018, 1027-28 (9th Cir. 2001) (Rule 414); United States v. Guardia, 135 F.3d

1326, 1330 (10th Cir. 1998) (Rule 413); United States v. Sumner, 119 F.3d 658,

661 (8th Cir. 1997) (Rule 414); United States v. Larson, 112 F.3d 600, 604-05 (2d

Cir. 1997) (Rule 414).[3]

## D.    Brimm's Claim

In the district court, Brimm disputed whether the challenged evidence met

the criteria for admission under Rules 404(b), 413, and 414.  On appeal now,

Brimm's only argument is that even if admissible, the evidence should have been

excluded as unduly prejudicial under Rule 403.  The government responds that the

evidence is admissible under Rules 404(b), 413, and 403.[4]

---

[3]We review evidentiary rulings, including the admission of evidence under Rule 404(b), for abuse of discretion.  United States v. Edouard, 485 F.3d 1324, 1343 (11th Cir. 2007).  In reviewing the district court's Rule 403 analysis, we view any relevant evidence "in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact."  United States v. Smith, 459 F.3d 1276, 1295 (11th Cir. 2006) (quotation marks omitted).

[4]On appeal, Brimm raises only a Rule 403 claim and abandons any argument that D.L's testimony did not meet the criteria for admission under Rules 404(b) and 413 by failing to raise these issues in his appeal briefs.  Likewise, the government no longer relies on Rule 414 and has abandoned that claim, too.  See United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (explaining that issues not raise on appeal are deemed abandoned).

With respect to Rule 404(b), Brimm does not dispute that the challenged evidence satisfied the first two prongs of the Miller test—that D.L.'s testimony was relevant to show Brimm's motive to commit the charged sex offenses and his modus operandi in doing so and that there was sufficient proof for the jury to find by a preponderance of the evidence that the prior sexual conduct with D.L. occurred.  Rather, Brimm argues that, under the third Miller prong, D.L.'s testimony did not pass muster under Rule 403.

Therefore, for purposes of this appeal, we assume that D.L.'s testimony was admissible under Rules 404(b) and 413[5] and address only the common issue of whether the probative value of D.L.'s testimony was substantially outweighed by the danger of unfair prejudice under Rule 403 and thus excludable.

We readily conclude that the district court did not abuse its discretion in determining that the danger of unfair prejudice did not substantially outweigh the

---

[5]Brimm's 1998 California conviction involving D.L. was for violating California Penal Code § 288a(b)(1), which prohibits "oral copulation with another person who is under 18 years of age . . . ."  Cal. Penal Code § 288a(b)(1).  Under California law, lack of consent is not an element of that crime, and the victim's consent is not an affirmative defense to that crime.  See People v. Soto, 245 P.3d 410, 420 (Cal. 2011) (addressing Ca. Penal Code § 288(b)(1) involving the offense of committing a lewd act on a minor under the age of 14, which, like § 288a(b)(1), does not require the prohibited conduct to be against the victim's will).  In other words, under California law, minors lack the capacity to consent, so the prohibited sexual conduct with a minor is always "without consent" legally.  In United States v. Rogers, the Seventh Circuit reversed the district court's ruling that Rule 413 did not apply because the minor "willingly participated" and thus consented.  587 F.3d 816, 819 (7th Cir. 2009).  In concluding that Rule 413 did apply, the Seventh Circuit discussed the difference between "literal" and legal consent.  Id. at 820 ("Rule 413 uses that word [consent] without qualifying it as actual or literal, and nothing suggests that Congress meant 'consent' to mean anything other than its general legal definition.").  We need not make a holding here regarding Rule 413(d) because Brimm argues only Rule 403.

8

probative value of D.L.'s testimony.  D.L.'s testimony was highly probative of Brimm's motive.  See United States v. Breitweiser, 357 F.3d 1249, 1254 (11th Cir. 2004) (concluding that testimony of defendant's prior sexual conduct with minors was admissible under Rule 404(b) "to show [the defendant's] motive, intent, knowledge, plan and preparation, and lack of mistake when he touched [the victim]" and that such evidence was more probative that prejudicial).[6] Specifically, D.L. testified that Brimm possessed child pornography and was sexually attracted to boys under the age of 15, and also that Brimm believed that adults should be allowed to have sex with children in the United States and that such conduct was not taboo in other countries, all of which tended to show a motive to commit the charged sex offenses against the two young victims in the Dominican Republic.  Moreover, D.L.'s testimony tended to show that Brimm did not carry out the charged conduct against the two victims accidentally, mistakenly, unintentionally, or unknowingly.

D.L.'s testimony also showed that Brimm had a modus operandi—preying on vulnerable young boys with offers of shelter, food, and money so that he could perform oral sex on them.  The probative value of D.L's testimony is buttressed by

---

[6]In this case, we apply Rule 403 under the Miller test to both the Rule 404(b) and Rule 413 evidence; however, there is an argument that the Rule 413 evidence should be evaluated under a different type of Rule 403 balance that weighs in favor of admission.  See Rogers, 587 F.3d at 822-23. We need not decide that question, as the district court did not abuse its discretion under the Miller test, which is a more favorable test to the defendant.

the fact that the details of D.L.'s testimony were highly similar to the details given by the two victims, including nearly identical descriptions of the oral sex incidents.

Brimm contends that D.L.'s testimony lacked probative value because the government did not need it to prove its case. See United States v. Matthews, 431 F.3d 1296, 1312 n.16 (11th Cir. 2005) (noting in dicta in a drug conspiracy case that "the stronger the Government's other evidence of intent, the more willing a court should be to exclude extrinsic evidence on intent as overly prejudicial"). Brimm stresses that there were two victim witnesses to corroborate each other.

Brimm's argument, however, ignores his own trial strategy, which was to discredit the two victims through vigorous cross-examination that highlighted inconsistencies between their versions of events. During closing argument, Brimm argued, based on the victims' inconsistencies and demeanor during cross examination, that they were not credible. Brimm maintained to the jury that he merely helped the victims by giving them food and shelter, and the victims lied about the illicit sexual contact rather than admit to their parents and the police that they preferred staying with a gay American "gringo." In light of Brimm's defense strategy, D.L.'s testimony about Brimm's sexual beliefs and proclivities was an important component of the prosecutor's case. See United States v. Perez, 443 F.3d 772, 779 (11th Cir. 2006) (concluding extrinsic act evidence was probative where the defendant's theory of the case made his knowledge and intent a focal

point of the trial); Matthews, 431 F.3d at 1312 (concluding that the government needed the extrinsic act evidence because the jury was entitled to disbelieve the government's witnesses as to the defendant's intent).

Finally, the district court gave the jury a limiting instruction that mitigated the risk of undue prejudice.  See United States v. Zapata, 139 F.3d 1355, 1358 (11th Cir. 1998) (explaining that the district court's jury instruction as to the limited purpose of the extrinsic evidence diminishes it's prejudicial impact) Specifically, the district court charged the jury that it could consider the government's evidence of conduct by the defendant on prior occasions for any matter that was relevant, including the defendant's propensity to commit the charged offenses, and that it was entirely up to the jury to determine what weight, if any, to give the other conduct evidence.  The district court cautioned the jury, however, "that the defendant is not on trial here for any acts or crimes not alleged in the Superseding Indictment," and could not "be convicted of the crimes charged in the Superseding Indictment if [the jury] were to find only that he committed other crimes at some other time."  The district court then reminded the jury that it was the government's burden to prove "beyond a reasonable doubt that the Defendant committed the offense charged in the Superseding Indictment."

For the foregoing reasons, the district court did not abuse its discretion by admitting D.L.'s testimony about Brimm's prior sexual conduct.

11

## II.  SUBSTANTIVE REASONABLENESS

"We review the reasonableness of a sentence for abuse of discretion using a two-step process."  United States v. Cubero, 754 F.3d 888, 892 (11th Cir. 2014) (quotation marks omitted).  We look first at whether the district court committed any significant procedural error and then at whether "the sentence is substantively unreasonable under the totality of the circumstances in light of the [18 U.S.C.] § 3553(a) factors."  Id.[7]

As to substantive reasonableness, we generally defer to the district court's judgment as to the weight to be accorded any given § 3553(a) factor.[8]  United States v. Dougherty, 754 F.3d 1353, 1361 (11th Cir. 2014).  We will reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  United States v. Alfaro-Moncada, 607 F.3d 720, 735 (11th Cir. 2010) (quotation marks and internal quotation marks omitted).  We ordinarily expect a sentence

---

[7]Brimm does not argue that his sentence is procedurally unreasonable or identify any procedural error at his sentencing.

[8]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a)(1)-(7).

within the guidelines range to be reasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). The party who challenges the sentence bears the burden of showing that it is unreasonable. Dougherty, 754 F.3d at 1361.

Brimm has not met his burden of showing that his total sentence of 413 months is unreasonable in light of the record and the § 3553(a) factors. Brimm's sentence consisted of: (1) concurrent 287-month sentences on Counts 1 and 2; (2) a mandatory, consecutive 120-month sentence on Count 3; and (3) an additional 6-month consecutive sentence, pursuant to 18 U.S.C. § 3147, because Brimm committed the charged offenses while on release pending appeal of two other federal criminal convictions.[9]

Brimm's 287-month sentences on Counts 1and 2 fell within the advisory guidelines range of 235 to 293 months' imprisonment, and was well below the sixty-year (720 months) statutory maximum. At sentencing, the district court rejected the government's request for a substantial upward variance of 1440 months, the statutory maximum on each count imposed consecutively, on Counts 1 and 2. Instead, on Counts 1 and 2, the district court imposed the sentence Brimm

---

[9]Before Brimm committed the charged offenses in the Dominican Republic, he had been released on bond pending an appeal of the revocation of his supervised release in two federal criminal cases in the Eastern District of California. After Brimm lost his appeal in 2011, he failed to self-surrender as ordered. Accordingly, the district court in this case had the discretion to impose an additional sentence of up to ten years, but whatever sentence the district court chose was required to be served consecutive to any other prison sentences imposed. See 18 U.S.C. § 3147(1). On appeal, Brimm does not suggest that this six-month consecutive sentence rendered his total sentence substantively unreasonable.

requested, a sentence within the guidelines range, and ran them concurrently. The district court stated that a guidelines sentence was "a substantial sentence" that took into account the § 3553(a) factors. The district court explained that it imposed a sentence at the high end of the advisory guidelines range "[b]ased on the need for deterrence and punishment."

The district court's concern for deterrence and punishment is amply supported by the record. According to undisputed portions of Brimm's presentence investigation report, Brimm has a long history of committing sexual offenses against minors and of failing to comply with release conditions designed to keep him from reoffending. Brimm's convictions include: (1) a 1991 California conviction for sodomy with a minor; (2) a 1997 federal conviction for receipt and distribution of material involving the sexual exploitation of a minor; (3) a 1998 California conviction for engaging in oral copulation with a minor; (4) a 2000 federal conviction for making a false statement on a passport application;[10] and (5) a 2001 California conviction for lewd and lascivious acts with a child under 14 years old. Defendant's prior federal supervised release terms were repeatedly revoked for violations such as failing to attend mental health or sex offender

---

[10]With regard to his 2000 federal conviction, Brimm obtained a passport in the name of a family friend and used this identity to obtain work on a cruise ship. After Brimm's arrest, Brimm's mother was interviewed by federal agents and stated that Brimm was trying to establish this new identity because he believed U.S. Marshals were about to arrest him for violating his supervised release by associating with minors at a swimming pool in California.

14

counseling and using a computer with internet access to frequent a chat room called "teen puberty."

Brimm's criminal history shows a pattern of preying upon vulnerable or troubled prepubescent or teenage boys by offering shelter and material comforts. Furthermore, the record indicates that Brimm believes it should be legal and morally acceptable for him to engage in sexual conduct with young boys and that he absconded to another country in order to continue engaging in such conduct with impunity. Given Brimm's criminal history, demonstrated persistent recidivism, flagrant disregard for the law, and the egregiousness of Brimm's instant offenses, we have no trouble concluding that the district court's total sentence of 413 months is reasonable.

**AFFIRMED.**