**FIRST DIVISION**
**DOYLE, C. J.,**
**ANDREWS, P. J., and RAY, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**April 22, 2016**

# In the Court of Appeals of Georgia

A16A1237. THE STATE v. REID.

ANDREWS, Presiding Judge.

The State appeals the grant of a motion to suppress results of a blood test taken pursuant to the Georgia implied consent law. We reverse.

The evening of February 8, 2015, a Georgia state trooper pulled Jessica Reid over for speeding. In the course of that traffic stop, the trooper suspected Reid had been driving under the influence of alcohol and he arrested her after conducting some field sobriety tests. After reading her the Georgia implied consent notice, the trooper transported Reid to a county fire department EMS to have a blood test. Before the blood draw, Reid signed an EMS form stating: "I hereby consent to allow SSFD/EMS, acting at the request of the Officer identified below and as an agent of a licensed law enforcement agency, to draw a blood sample for the purpose of

determining the presence of alcohol or any other drug." The state trooper also executed the EMS form below Reid's signature, stating that his request for a blood draw was made pursuant to the Georgia implied consent law.

Reid subsequently moved to suppress the blood test results on the ground she had not given actual consent to the blood draw as required by *Williams v. State*, 296 Ga. 817 (771 SE2d 373) (2015). Considering the totality of the circumstances, the trial court found the State only showed that Reid acquiesced to the blood draw in the context of the implied consent law, i.e., out of concern she would lose her license if she refused the test. As such, the trial court suppressed Reid's blood test results on the ground Reid's consent to the blood test was not free and voluntary.

> *Williams* rejected [a] per se rule automatically equating an affirmative response to the implied consent notice with actual consent to a search within the meaning of the Fourth Amendment. Instead, courts must now conduct a case-by-case analysis, considering the totality of the circumstances. . . . A consent to search will normally be held voluntary if the totality of the circumstances fails to show that the officers used fear, intimidation, threat of physical punishment, or lengthy detention to obtain the consent.

*Kendrick v. State*, 335 Ga. App. 766, 769 ( SE2d ) (Feb. 23, 2016).

2

In the instant case, Reid verbally agreed to submit to the requested blood test, and she also executed a written consent that specifically indicated it was for the purpose of determining the presence of alcohol in her blood. The state trooper's video of the stop and administration of the field sobriety tests shows Reid clearly understood the situation and articulately pleaded with the officer not to arrest her. The video also fails to show any coercive circumstances that would undercut the voluntariness of Reid's consent.

"[W]e do not read *Williams'* rejection of a per se rule of consent under the implied consent statute as authorizing us to replace it with its opposite—that is, a per se rule that the State must always show more than consent under the implied consent statute. . . . An affirmative response to the question posed by the implied consent language may be sufficient . . . to find actual consent, absent reason to believe the response was involuntary." *Kendrick v. State*, supra at 771-772.

As there is no evidence that Reid's consent was anything but free and voluntary, the trial court erred in granting the motion to suppress.

*Judgment reversed. Doyle, C. J., and Ray, J., concur.*