**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**June 24, 2016**

# In the Court of Appeals of Georgia

 A16A0617. STEELE v. THE STATE.

McMillian, Judge.

A jury convicted Calvin Sydney Steele III, of one count of statutory rape and one count of child molestation.[1] Steele appeals following the trial court's denial of his motion for new trial, asserting that the trial court erred in admitting (1) his statement to police, (2) DNA evidence, and (3) evidence of his prior conviction for statutory rape. We affirm for the reasons set forth below.

Viewed in the light most favorable to the verdict, the evidence at trial showed that in or around August and September 2012, after engaging in communications of a sexual nature on Facebook with the 14-year-old victim, Steele had sexual intercourse with her in her bedroom, while her parents were asleep in the residence.

---

[1] The jury acquitted him on a separate charge of computer pornography.

The two engaged in sexual intercourse on more than one occasion, even though the victim's parents had told Steele, who was 24, that the victim was under the age of 16.

1. Steele first asserts that the trial court erred in admitting his statement to police into evidence because it failed to consider evidence that he had used drugs earlier in the day.

"In deciding the admissibility of a statement during a *Jackson–Denno* hearing, the trial court must consider the totality of the circumstances." (Citation and punctuation omitted.) *Norton v. State*, 293 Ga. 332, 334 (2) (745 SE2d 630) (2013). The State has the burden to prove the voluntariness of a confession by a preponderance of the evidence. *Currier v. State*, 294 Ga. 392, 398 (3) (754 SE2d 17) (2014). After the trial court determines that the State has met its burden of demonstrating that a defendant's statement was freely and voluntarily given in compliance with *Jackson v. Denno*, it may permit the statement to come into evidence. *Wright v. State*, 285 Ga. 428, 431-32 (2) (677 SE2d 82) (2009). On appeal, this Court will not disturb the trial court's factual findings and credibility determinations unless they are clearly erroneous. *Colton v. State*, 296 Ga. 172, 178 (1) (766 SE2d 38) (2014).

At the *Jackson-Denno*[2] hearing, Detective Tim Deal of the Catoosa County Sheriff's Department testified that he conducted a custodial interview of Steele in connection with this case on the evening of September 19, 2012. At the time of the interview, Steele stated that he was 24 years old, he had obtained a GED, and his reading and writing ability was good. Before the interview began, Deal informed Steele of the nature of the charges against him and reviewed his *Miranda*[3] rights. Deal testified that although Steele stated that he had smoked marijuana approximately nine hours earlier in the day, he told Deal that he did not feel that he was impaired by it at the time of the interview. Deal, who had been a paramedic as well as a police officer, said that based on his medical and law enforcement experience, Steele did not appear to be under the influence of any alcohol or drugs and appeared to understand his rights as they were read to him. Steele signed a written waiver of rights form, and he never indicated that he wanted an attorney or that he did not want to talk to police. Deal said that he neither threatened Steele nor made any promises or offers of benefit or reward.

---

[2] See *Jackson v. Denno*, 378 U.S. 368 (84 SCt 1774, 12 LE2d 908) (1964).

[3] See *Miranda v. Arizona*, 384 U.S. 436 (86 SCt 1602, 16 LE2d 694) (1966).

Based on the evidence, the trial court found that Steele's statement was admissible, and we cannot say that this finding was clear error. See, e.g., *Watkins v. State*, 289 Ga. 359, 363-64 (4) (711 SE2d 655) (2011) (no error in admitting defendant's statement where detective who interviewed defendant and who had experience in dealing with people under the influence of alcohol or drugs testified that he saw no evidence that Watkins was under the influence of alcohol or drugs and that defendant understood each of these rights); *Philmore v. State*, 263 Ga. 67, 68 (428 SE2d 329) (1993) (even assuming the defendant had used crack cocaine an hour before his police interview and was still under the drug's influence, the trial court did not err in ruling that he gave a voluntary statement and knowingly and intelligently waived his rights); *Borden v. State*, 247 Ga. 477, 480 (2) (277 SE2d 9) (1981) (no clear error in admitting statement where detective testified that defendant was not in such a condition that he did not know what he was doing and defendant said he understood his rights even though defendant claimed that on the night of the crime, he had drunk two cases of beer, taken nine valium tablets, and used about half a bag of marijuana).

2. Steele next asserts that the trial court also erred in admitting DNA evidence obtained from him pursuant to his consent. Steele filed a motion to suppress the DNA evidence, and following a hearing on the matter, the trial court denied the motion.

"A consent to search will normally be held voluntary if the totality of the circumstances fails to show that the officers used fear, intimidation, threat of physical punishment, or lengthy detention to obtain the consent." (Citation and punctuation omitted.) *Kendrick v. State*, 335 Ga. App. 766, 769 (782 SE2d 842) (2016). The trial court may also consider as factors in its analysis "prolonged questioning[,] the accused's age, level of education, intelligence[,] and advisement of constitutional rights; and the psychological impact of these factors on the accused." (Citation and punctuation omitted.) Id.

> Moreover, while knowledge of the right to refuse consent is one factor to be taken into account, the government need not establish such knowledge as the sine qua non of an effective consent. Instead, the court should consider whether a reasonable person would feel free to decline the officers' request to search or otherwise terminate the encounter.

(Citation and punctuation omitted.) Id. In reviewing the trial court's ruling on a motion to suppress, this Court construes the evidence most favorably to uphold the

trial court's findings and judgment. *Harris v. State*, 298 Ga. 588, 590 (1) (783 SE2d 632) (2016).

So viewed, the evidence at the hearing showed that at approximately 9:45 p.m. on September 20, 2012, the day after Steele's interview with police, Detective Daniel Thacker of the Catoosa County Sheriff's Office obtained Steele's consent to take a DNA sample. In the presence of another officer, Thacker read Steele a consent form that informed Steele that he had a constitutional right not to have a search conducted of his "blood, hair[,] or any body fluids" without a search warrant. Steele executed the consent form, acknowledging that although he was aware of that right, he nevertheless voluntarily consented to a search and granted permission for the officers to take bodily materials from his person for use as evidence in any criminal proceeding. He further acknowledged that his consent was voluntarily given without any threats or promises of any kind.

Steele's attorney argued at the hearing and asserts on appeal that the DNA evidence should be suppressed because Steele's consent was merely an acquiescence to authority as Steele had been in custody approximately 24 hours and the two officers involved made no attempt to conceal their identities as peace officers. He

contends that under such circumstances, any reasonable person would have felt no alternative but to consent.

However, we find no error in the trial court's denial of Steele's motion to suppress the DNA evidence. The record contains no indication that the two officers present threatened or intimidated Steele into giving his consent or that they promised him a hope of benefit. Although Steele had been in custody around 24 hours at the time he gave his consent to search, he was specifically told that he had the right to refuse the search, and he signed a form indicating that despite his knowledge of his rights, he was voluntarily consenting to the search. See, e.g., *State v. Reid*, __ Ga. App. __ (Case No. A16A1237, decided Apr. 22, 2016) (consent voluntary where no evidence of promise or threat and defendant verbally agreed to submit to blood test and also executed a written consent that specifically indicated it was for the purpose of determining the presence of alcohol in her blood); *Park v. State*, 308 Ga. App. 648, 652 (1) (708 SE2d 614) (2011) (consent voluntary even where six to eight officers present and defendant handcuffed).

3. Steele further contends that the trial court erred in admitting evidence of his prior 2007 conviction based on his plea of guilty to a charge of misdemeanor statutory rape. Although he acknowledges that the circumstances involved in that

7

conviction were similar to the facts in this case, he asserts that such similarity does not amount to relevance and that the evidence did not aid the State in presenting its case or the jury in considering the case in any proper way. Under the new Evidence Code, which is applicable in this case,[4] "[a] trial court's decision to admit other acts evidence will be overturned only where there is a clear abuse of discretion." *State v. Jones*, 297 Ga. 156, 159 (1) (773 SE2d 170) (2015).

Under the new Code, OCGA § 24-4-413 (a) provides that "[i]n a criminal proceeding in which the accused is accused of an offense of sexual assault, evidence of the accused's commission of another offense of sexual assault *shall be admissible* and may be considered for its bearing on any matter to which it is relevant." (Emphasis supplied.) The statute defines sexual assault to include the crime of statutory rape. OCGA § 24-4-413 (d). The language of this provision was intended to create a "rule of inclusion," with a strong presumption in favor of admissibility as it provides that such evidence "shall be admissible." See *State v. Frost*, 297 Ga. 296, 300-01 (773 SE2d 700) (2015) (OCGA § 24-4-417 applying to DUI cases is a "rule of inclusion," with a stronger presumption of admissibility than OCGA § 24-4-404

---

[4] Steele's trial was held in July 2013, after the effective date of Georgia's new Evidence Code. See Ga. L. 2011, p. 99, § 101 (new Code applies "to any motion made or hearing or trial commenced on or after" January 1, 2013).

8

(b) as it provides that such evidence "shall be admissible"); Ronald L. Carlson & Michael Scott Carlson, Carlson on Evidence 241 (3d ed. 2015) (Fed. R. of Evid. 413, which OCGA § 24-4-413 closely tracks, "create[s] presumptions in favor of admission of the defendant's other sexual offenses in sex crimes prosecutions").

The evidence showed that the prior conviction arose from an incident that occurred on July 7, 2006. In a statement to police in connection with that incident, Steele admitted that he had crept through the window of a trailer in the same trailer park at issue in this case and engaged in sexual conduct with a different 14-year-old girl while the girl's father was at home. Steele was 18 years old at the time of this incident.

At the hearing on the admissibility of this evidence, the State indicated that it sought to introduce the evidence of the 2007 conviction for the purposes of intent, lustful disposition,[5] and lack of mistake. And the jury was instructed that it could

_____

[5] Although lustful disposition is not one of the purposes specifically set out in OCGA § 24-4-404 (b) for the admission of other acts, OCGA § 24-4-413 provides an exception to the general rule in sexual assault cases and allows the admission of propensity evidence. See *United States v. Brimm*, 608 F. App'x 795, 798 (I) (B) (11th Cir. 2015) ("Rules 413 and 414 [of the Federal Rules of Evidence, upon which OCGA §§ 24-4-413 and 24-4-414 are based,] permit the introduction of propensity evidence and thus contain exceptions to Rule 404 (b)'s general ban on propensity evidence in 'sexual assault' and 'child molestation' cases.") (citations omitted); Carlson & Carlson, Carlson on Evidence, 240-41. Thus, the provisions of OCGA §

consider the other acts evidence only as it related to the issues of knowledge, intent, plan, preparation, motive, and opportunity. The evidence of the prior crime was relevant[6] to the issues of Steele's knowledge, motive, preparation, and intent as it showed that Steele had previously engaged in sexual relations with an underage girl in the same trailer park and undergone criminal prosecution for such conduct. Given the strong statutory presumption of admissibility and especially in light of the close similarities between the two crimes at issue, we find no clear abuse of discretion by the trial court in determining that the evidence of the 2007 conviction was relevant and admissible at trial.[7]

---

24-4-413 (a) supersede the provisions of OCGA § 24-4-404 (b) in sexual assault cases. Cf. *Frost*, 297 Ga. at 300-01 (OCGA § 24-4-417 provides a separate basis from OCGA § 24-4-404 (b) for the admission of other acts evidence in certain DUI cases); *Dority v. State*, 335 Ga. App. 83, 95 (3) (780 SE2d 129) (2015) ("OCGA § 24-4-414 (a) is the more specific statute regarding admission of prior acts of child molestation and is therefore controlling over OCGA § 24-4-404 (b).").

[6] See OCGA § 24-4-401 ("'relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.").

[7] Steele does not argue that the evidence of the 2007 conviction was more prejudicial than probative under OCGA § 24-4-403; therefore, we need not address the issue of whether that provision applies to evidence admissible under OCGA § 24-4-413 (a). See *Frost*, 297 Ga. at 301, n.6. Cf. *Olds v. State*, __ Ga. __ (Case No. S15G1610, decided May 23, 2016) (addressing other acts evidence admitted under OCGA § 24-4-404 (b)).

*Judgment affirmed. Miller, P. J., and McFadden, J., concur.*