**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**November 9, 2016**

# In the Court of Appeals of Georgia

A16A1093. KRITLOW v. THE STATE.

MCFADDEN, Judge.

After a jury trial, Gary Kritlow was convicted of aggravated sodomy, aggravated sexual battery, aggravated assault, false imprisonment, and sexual battery. He appeals, challenging the sufficiency of the evidence, the admission of evidence of his prior sex offenses, and the trial court's refusal to allow him to attempt to impeach the victim based on her financial circumstances. However, there was sufficient evidence to support the jury's verdict, the evidence of prior sex offenses was properly admitted, and the victim's financial status was immaterial. Accordingly, we affirm.

1. *Sufficiency of the evidence.*

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the [defendant] is no longer entitled to the presumption of innocence. [Cit.]" *Newsome v. State*, 324 Ga. App. 665 (751 SE2d 474) (2013). "We determine only whether the evidence authorized the jury to find the defendant guilty beyond a reasonable doubt, and in doing so we neither weigh that evidence nor judge the credibility of the witnesses. [Cit.]" *Byrd v. State*, 325 Ga. App. 24 (752 SE2d 84) (2013).

So viewed, the evidence showed that on December 16, 2013, Kritlow and another man went to the victim's house to load her possessions into a moving truck. At one point, while the other mover was outside the house, Kritlow went inside and asked to use the bathroom. When the victim pointed him toward an upstairs bathroom, Kritlow forced the victim up the stairs and into the bathroom, where he closed the door and sexually assaulted the victim. He fondled her breasts, inserted his finger into her vagina, and forced her to perform oral sex on him until he ejaculated. During the assault, he prevented the victim's attempts to escape and pushed her so hard that her head banged into a mirror and hit the toilet tank.

After the assault, Kritlow left the victim in the bathroom. She then fled from the house and called the police to report the assault. Kritlow was arrested, and

2

subsequent DNA testing showed that Kritlow's semen was present on the victim's pants.

The state also introduced evidence of Kritlow's two prior convictions for sexual offenses. In 2005, Kritlow pled guilty in Alabama to enticing a child for sexual acts based on an incident when he forced a 14-year-old girl into a bedroom, blocked her attempts to escape, touched her breasts, and inserted his finger into her vagina. Approximately two years later, Kritlow pled guilty in Tennessee to sexual battery based on an incident when he was working at a fast-food restaurant, entered a bathroom that his co-worker was cleaning, closed and locked the door, prevented the co-worker from leaving, pinned her against the wall, touched her breasts and buttocks, and attempted to force his hands inside her pants.

In challenging the sufficiency of the evidence, Kritlow points to alleged conflicts in the evidence. "However, resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this [c]ourt. The evidence authorized the jury to conclude that [Kritlow] was guilty of the crimes of which he was convicted." *Hampton v. State*, 272 Ga. 284, 285 (1) (527 SE2d 872) (2000) (citations omitted).

2. *Evidence of other sexual assaults.*

Kritlow contends that the trial court erred in admitting the evidence of his two prior sexual assaults. The claim is without merit.

Because Kritlow's trial was held after January 1, 2013, Georgia's new evidence code is applicable. See Ga. L. 2011, pp. 99 § 101. The new evidence code provides that "[i]n a criminal proceeding in which the accused is accused of an offense of sexual assault, evidence of the accused's commission of another offense of sexual assault shall be admissible and may be considered for its bearing on any matter to which it is relevant." OCGA § 24-4-413 (a). "The language of this provision was intended to create a 'rule of inclusion,' with a strong presumption in favor of admissibility as it provides that such evidence 'shall be admissible.'" *Steele v. State*, 337 Ga. App. 562, 566 (3) (788 SE2d 145) (2016) (citations omitted).

Here, the state sought to introduce the prior sex crimes evidence for purposes of showing Kritlow's intent and lustful disposition. "OCGA § 24-4-401 . . . deems evidence relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Olds v. State,* 299 Ga. 65, 69-70 (2) (786 SE2d 633) (2016) (citation and punctuation omitted). "With regard to intent, a defendant who enters a not guilty plea makes intent a material issue[.]" *Bradshaw v. State*, 296

4

Ga. 650, 656 (3) (769 SE2d 892) (2015) (citation and punctuation omitted). Such a plea requires the state to meet its burden of proving every element of the crimes charged, and "[a] culpable state of mind – intent or criminal negligence – is an essential element of every crime[.]" *Olds*, supra at 72 (2) (citations omitted). Moreover, "evidence that an accused committed an intentional act generally is relevant to show – the evidence, in other words, has some tendency to make more or less probable – that the same defendant committed a similar act with the same sort of intent, especially when the acts were committed close in time and in similar circumstances." Id. Thus, the trial court correctly ruled that the prior sex crimes evidence was relevant to the issue of intent.

> As for lustful disposition, although it
>
> is not one of the purposes specifically set out in OCGA § 24-4-404 (b) for the admission of other acts, OCGA § 24-4-413 provides an exception to the general rule in sexual assault cases and allows the admission of [such] propensity evidence. [Cits.] Thus, the provisions of OCGA § 24-4-413 (a) supersede the provisions of OCGA § 24-4-404 (b) in sexual assault cases. [Cits.]

*Steele*, supra at 566 (3) n. 5.

Moreover, Kritlow claims that the victim was not credible, that her testimony was inconsistent with other evidence, and that she fabricated the assault. Accordingly,

5

the evidence that Kritlow had committed similar sexual assaults was relevant because it

> had the tendency to bolster the credibility of the victim by demonstrating that her circumstances were not unique. Indeed, it had the tendency to disprove a claim of fabrication by showing that [Kritlow] preyed on women in the victim's . . . circumstance[ of being in a place where Kritlow could force them into a smaller room and bar a door preventing escape]. Thus, the evidence satisfied OCGA § 24-4-413's relevance threshold.

*Marlow v. State*, 337 Ga. App. 1, 4 (1) (b) (785 SE2d 583) (2016), disapproved in part on other grounds, *Quiller v. State*, ___ Ga. App. ___ n. 3 (Case No. A16A0114, decided July 15, 2016).

Kritlow further argues that the prior acts evidence must be excluded because under OCGA § 24-4-403, relevant evidence may be excluded where its probative value is substantially outweighed by the danger of unfair prejudice. We need not, in this case, decide "whether that provision [of OCGA § 24-4-403] applies to evidence admissible under OCGA § 24-4-413 (a)." *Steele*, supra at 567 n. 7 (citations omitted). See also *State v. Frost*, 297 Ga. 296, 301 n. 6. (773 SE2d 700) (2015). Because even if we assume, without deciding, that it does apply, given the circumstances of this case, the trial court "did not abuse its discretion in finding that the probative value of the evidence of appellant's prior crimes was not substantially outweighed by its

6

prejudicial effect and in admitting the evidence of appellant's two prior guilty pleas[.]" *Jones v. State*, ___ Ga. ___ (4) (788 SE2d 477) (2016) (citations omitted).

3. *Victim's financial status.*

Kritlow complains that the trial court erred in preventing him from impeaching the victim as to her purported bias arising from financial difficulties that could have motivated her to falsely accuse Kritlow in order to make some unidentified legal claim against his employer. However, any such bias must arise from a "motive that could be *reasonably inferred* to cause testimony to be shaded or distorted." *Noellien v. State*, 298 Ga. App. 47, 50 (3) (a) (i) (679 SE2d 75) (2009) (citation omitted; emphasis supplied). There is no evidence in the record from which it could be reasonably inferred that the victim had any such bias or motive. Kritlow has failed to point to anything in the record supporting his pure speculation that the victim's financial status motivated her to fabricate the sexual assault. A witness may not be impeached based on a wholly immaterial matter, and the victim's financial status "was wholly immaterial to the issue of [Kritlow's] guilt[.]" *Gilbert v. State*, 159 Ga. App. 326, 327-328 (2) (283 SE2d 361) (1981) (citations omitted).

*Judgment affirmed. Miller, P. J., McMillian, J., concur.*

7